## W. W. GUNTER, SURVIVOR, v. J. J. JARVIS.

The death of a partner, who is co-plaintiff with the other member of a firm, during the pendency of the suit in this court on appeal, presents no objection to proceeding to final judgment in the name of the surviving partner, without making the representatives of the deceased a party. Yet the court, on motion of the surviving partner or the appellee, will grant a *scire facias* to make such representative a party.

A petition for *certiorari* cannot, in the District Court, be amended so as to cure defects in it, or to supply omissions. Upon a motion to dismiss the petition, it must be tested upon its allegations, as it was originally presented to the judge.

The court does not mean to say, that there might not be a case in which it would be proper for the plaintiff in the *certiorari* to represent to the District Court some fact not embraced in the petition for *certiorari*.

APPEAL from Wood. Tried below before the Hon. C. A. Frazer.

Suit by *certiorari* from the justice's court, commenced by A. & W. W. Gunter, and in the petition for *certiorari* alleged to be partners, under the name and style of A. & W. W. Gunter.

On the trial in the District Court, judgment was rendered in favor of the defendant, J. M. Willis, on his motion to dismiss the plaintiffs' petition. The judgment recites that the plaintiffs asked leave to amend their pleading, which was refused. There was no other pleading of the plaintiffs, except the petition for *certiorari*.

The only error assigned by the plaintiffs, the appellants, is "that the court erred in refusing to grant leave to amend the pleading."

*J. H. Dearborn*, for the appellee.

ROBERTS, J.—This case is submitted to the court by the parties, to know whether or not it is necessary to make other parties.

The death of A. Gunter, a partner in the firm of A. & W. W. Gunter, plaintiffs in the court below and appellants in this court, being suggested, the case may proceed to final judgment in this court in the name of W. W. Gunter, as surviving partner. If, however, either party—that is, the surviving partner or the appellee—should move for a *scire facias* to make the representative of said decedent's estate a party, it will be awarded.

BELL, J.—On a former day of the term the death of Willis, the appellee, was suggested to the court, and his administrator, Jarvis, was made a party. The death of A. Gunter, one of the appellants, was also suggested, and the cause was submitted to the court by the parties, to know whether or not the cause could proceed to judgment with the parties then before the court.

We decided that the cause might proceed to final judgment in the name of W. W. Gunter as surviving partner; but we said at the same time that if either the surviving appellant or the appellee moved for a *scire facias* to make the representative of A. Gunter a party, we would grant the *scire facias*. As the cause has been again submitted, without any motion for further parties, we proceed to the disposition of it.

The only error assigned is that the court below refused to permit the plaintiffs "to amend their pleadings." There was a motion to dismiss the *certiorari* for insufficiency in the petition, and we presume that when the plaintiffs asked leave to amend their pleadings, they meant to ask leave to amend the petition for *certiorari*. The court below did not err in refusing to permit this to be

done.   We do not mean to say that there  might not be a case in which it would be proper for the plaintiff in the *certiorari* to represent to the District Court some fact  not  embraced  in the petition for *certiorari*.   But the petition itself  cannot be amended, so as to cure defects in it, or to supply omissions.   Upon a motion to dismiss the petition, it must be  tested  upon  its  allegations  as it was originally presented to the  judge.   The plaintiffs in this case seem to have regarded their petition  as  insufficient,  for  they do not complain that the court erred in dismissing it.

The judgment of  the District Court is affirmed.

Judgment affirmed.