HAYS et al. v. TALLEY.

(Court of Civil Appeals of Texas. Texarkana. Nov. 11, 1913. Rehearing Denied Nov. 27, 1913.)

1. LIMITATION OF ACTIONS (§ 47*)—BREACH OF COVENANTS—WARRANTY OF TITLE.

Limitations against an action for breach of a covenant of warranty of realty do not commence to run until actual or constructive eviction under a superior outstanding title.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 254–258; Dec. Dig. § 47.*]

2. LIMITATION OF ACTIONS (§ 47*)—LIMITATIONS—BREACH.

Where there was a conflict in the title or location of the land conveyed by defendant to plaintiff and county school land, which required a decision of the courts to determine the rights of the parties, limitations against an action by plaintiff against defendant for breach of warranty of title only began to run from the final judgment of the Supreme Court, adjudging that the county had title as against plaintiff in an action between them, and not from the date of plaintiff's deed or of the filing of such action.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 254–258; Dec. Dig. § 47.*]

Appeal from District Court, Delta County; Wm. Pierson, Judge.

Action by J. T. Talley against J. M. Hays and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Appellee brought the suit on June 25, 1912, against the appellants upon a covenant of general warranty contained in the deed of May 22, 1889, by which appellants had conveyed 80 acres of land in Delta county in the headright of J. J. Nidever to Martha Neathery, by whom, joined by her husband, R. E. Neathery, it had been conveyed by deed, with covenants of general warranty, on October 22, 1900, to appellee. The covenant of warranty, as alleged, is "to forever warrant and defend the title to said land unto the said Martha Neathery and her heirs and assigns against the claims of all others." Appellants answered by demurrer and by gener-

al denial, and specially pleading the statute of limitation of four years in bar of the action. Appellee, in a trial to the court, recovered a judgment against appellants on their warranty of title for $500, with 6 per cent. interest from August 1, 1911.

The court overruled the following special demurrer: "(3) The defendants specially demur to said petition, and say the same shows on its face that if plaintiff ever had a cause of action against defendants, that the same is barred by the statute of limitation of four years, and that defendants are not required to further answer thereto." The particular allegations of the petition to which the demurrer was directed reads: "Plaintiff avers that since the conveyance from the defendants to Martha H. Neathery, and since the conveyance from Martha H. Neathery and R. E. Neathery to the plaintiff as set forth above, the title as attempted to be conveyed from the defendants to Martha Neathery and from her to the plaintiff herein has failed in whole. Plaintiff avers the facts to be: That at the time of each of the two conveyances above mentioned the superior and outstanding title to the said 80 acres of land was vested in Lamar county, Tex., and title to the same was not in the defendants or Martha Neathery at the time of each or either of the conveyances mentioned above. That Lamar county was the owner of said tract of land as and the same constituted a portion of the school land owned by Lamar county, which fact was unknown to the plaintiff herein at the time of his purchase from the Neatherys. That Lamar county, in the assertion of its claim of title to said land, instituted its suit in the district court of Delta county, Tex., on the ——— day of May, 1905, for the recovery against the plaintiff herein of the title and possession of said tract of land. Said suit was styled 'Lamar County v. J. T. Talley et al.,' and numbered upon the docket of said court 1309; said suit was against other persons than this plaintiff and for the recovery of other lands not necessary here to mention. That upon a trial of said cause in the district court of Delta county on the 22d day of January, 1909, judgment was rendered in favor of this plaintiff and the other defendants in said cause and against Lamar county appealed to the Court of Civil Appeals of the Fifth Supreme Judicial District of Texas, which last-named court heard said cause on the 26th day of February, 1910 (127 S. W. 272), and rendered its judgment reversing the judgment of the district court of Delta county rendered therein, and entered judgment in favor of Lamar county and against this plaintiff for the title and possession of said tract of land. That this plaintiff and the other defendants in said cause appealed from the judgment rendered by the Court of Civil Appeals to the Supreme Court of the state of Texas, which last-named court heard said cause on the

24th day of May, 1911 (Talley v. Lamar County, 104 Tex. 295, 137 S. W. 1125), and rendered its judgment affirming in all things the judgment as rendered by the Court of Civil Appeals in said cause, which last-mentioned judgment was final and from which there was no further appeal. On August 1, 1911, immediately after the final judgment of the Supreme Court, Lamar county took possession of the said tract of land and ousted the plaintiff herein from possession of the same. That plaintiff in good faith defended his title to said tract of land, expending in the defense of said suit the sum of $500. That defendants have failed to defend the title to said property. That by reason of the covenant of warranty contained in the said conveyance from the defendants to Martha H. Neathery and the conveyance from Martha H. Neathery to the plaintiff as set out above, and by reason of the failure of the title to said land as set out above, the defendants are liable to the plaintiff upon their covenant of warranty as made to Martha H. Neathery and her assigns for the said sum of $560, paid to Martha and R. E. Neathery by the plaintiff as purchase money for the said land, together with interest on said amount at 6 per cent. from August 1, 1911," etc.

Patteson & Patteson, of Cooper, for appellants. Newman Phillips, of Cooper, for appellee.

LEVY, J. (after stating the facts as above). The first assignment predicates error on the part of the court in overruling the special demurrer of limitation to the petition. According to the allegations in the petition, Lamar county ousted appellee from the actual possession of the land on August 1, 1911, after the decision and judgment of the Supreme Court on May 24, 1911, in the appeal of the cause of Lamar county against appellee, which finally decreed title to the land to be residing in Lamar county, and made evident the want of any title in appellee. The effect of the allegations is to show an actual eviction of appellee from the land on August 1, 1911, and a complete legal failure of title in appellee, claiming under deed from appellants relating to the time of such conveyance, as finally determined by a contest in the courts under judgment of the Supreme Court on May 24, 1911.

[1] It is laid down as a rule that the statute of limitations against an action on the breach of a covenant of warranty of realty does not commence to run until an eviction, actual or constructive, under a superior outstanding title. Jones v. Paul, 59 Tex. 41; Westrope v. Chambers, 51 Tex. 178; Clark v. Mumford, 62 Tex. 531; Alvord v. Waggoner, 29 S. W. 797; Wood on Limitations, § 173.

[2] And whatever may be said concerning the ultimate fact that Lamar county was the superior owner of the land as a part of her public school lands, and about limitation not operating as in similar suits against private individuals, we think that in the instant suit limitation should not be held to have run against the suit on warranty of title against appellants until after the alleged eviction and failure of title. For the facts pleaded show, when properly construed, that the parties were dealing with each other about the land as being "in the headright of J. J. Nidever," and were not undertaking to contract about school lands belonging to Lamar county; and if there was any conflict of title or location of the land as between the Nidever survey and Lamar county school land, as we must presume from the facts, it was upon such facts and law as to require the courts to determine the rights of parties, and hence limitation began to run against the warranty of title only from the final judgment of the Supreme Court as pleaded, and not from the date of the deed or date of filing of the suit. Alvord v. Waggoner, 29 S. W. 797, approved by Supreme Court on limitations; Eustis v. Fosdick, 88 Tex. 615, 32 S. W. 872; Williams v. Finley, 99 Tex. 468, 90 S. W. 1087; Trevino v. Cantu, 61 Tex. 88: Sievert v. Underwood, 124 S. W. 721. Reference: Seibert v. Bergman, 91 Tex. 411, 44 S. W. 68.

The second assignment, which is the only other assignment, cannot be considered, for the motion for new trial does not contain such assignment.

The judgment is affirmed.