**MOOERS·et al. v. HUNTER.**

No. 12559.

Court of Civil Appeals of Texas. Fort Worth.
Nov. 14, 1931.

Rehearing Denied Dec. 12, 1931.

Bonner, Bonner & Childress and John Kilgore, all of Wichita Falls, for appellants.

E. E. Fischer, of Tyler, for appellee.

BUCK, J.

T. F. Hunter sued J. S. Schultz, Clifford Mooers, W. F. White, and W. M. Massie for taxes due and which were paid by plaintiff on a certain acreage, consisting of 40 acres out of the Reuben Hornsby and Day Land & Cattle Company surveys in Wichita county. This land was conveyed by the Texanna Petroleum Company, an unincorporated trust association, acting by its trustees, heretofore mentioned as defendants. The basis of this suit and the effort to hold the trustees as individually liable thereon is the following lease in the deed:

"State of Texas
"County of Wichita.

"Know all men by these presents: That, the Texanna Production Company, an unincorporated trust association, acting by and through its trustees, W. M. Massie, F. G. Manley, J. S. Shultz, W. F. White and Clifford Mooers, of Wichita County, Texas, for and in consideration of the sum of $10.00, and other good and valuable considerations to us in hand paid, as trustees for the use and benefit of the Texanna Production Company, receipt of which is hereby acknowledged and confessed, do hereby grant, bargain, sell, assign, transfer and set over unto T. F. Hunter of· Wichita County, Texas, all of our right, title and ·interest and that of the Texanna Production Company, in and to that certain indenture of oil and gas lease executed by A. F. Dodson in favor of W. T. Willis under date of April 22, 1916, corrected and ratified by the said A. F. Dodson to the said W. T. Willis under date of September 11, 1917, the first of which instruments is of record in volume 79, at page 370, of the Deed Records of Wichita County, Texas, and the other of which instruments is of record in volume 88, page 339 of the Deed Records of Wichita County, Texas, to each of which instruments reference is here made for all purposes, insofar as said leasehold estate effects the following described tract or parcel of land, situated in Wichita County, Texas, towit:

"Being forty (40) acres of land out, of the Reuben Hornsby and Day Land & Cattle Company surveys, described by metes and bounds as follows: (Here follows description of land.)

"Conveying, assigning and setting over unto the said T. F. Hunter, his heirs and assigns, our right, title and interest in and to all oil or gas that may be produced or saved from said tract of land, together with our right, title and interest in and to such receipts of moneys that may be made or paid for said oil, and the pipe line company, or companies, that may be connected with said lease shall at all times be authorized to make payment of all such moneys to the said T. F. Hunter for such oil or gas that may be produced, it being our intention to deliver to the said T. F. Hunter any and all such titles, equities or

interest that we may have or hold in and to said tract of land of whatsoever nature or kind.

"To have and to hold unto the said T. F. Hunter, his heirs and assigns, said interest in and to said indenture of oil and gas lease and leasehold estate, together with all the personal property thereon situated, for and during all the rest, residue and remainder of said lease yet to come of the full period and term of said lease, together with all the privileges, rights and benefits accruing and to accrue by virtue thereof.

"But subject, nevertheless, to all the rents, royalties, stipulations and agreements made and entered into by and between the original lessor and lessee as a principal consideration for executing said lease, to which reference is here made.

"And for the same consideration, the undersigned for themselves and their heirs, successors and representatives, in their individual capacity and as such trustees, do covenant with the said assignee, his heirs, successors, or assigns that they are the lawful owner of the said lease and rights and interests thereunder and of the personal property thereon or used in connection therewith; that the undersigned have good right and authority to sell and convey the same, and that said rights, interest and property are free and clear from all liens and incumbrances, and that all rentals and royalties due and payable thereunder have been duly paid.

"Witness our hands this the 25th day of June, 1924.

> "Texana Production Company,
> "J. S. Shultz
> "Clifford Mooers
> "W. F. White
> "W. M. Massie
> "F. G. Manley
> > "Trustees."

The case was tried before a jury upon special issues, which, together with their answers, are as follows:

"1. Do you find from a preponderance of the evidence that the defendants executed and delivered or caused to be executed and delivered the oil and gas lease in question, conveying to plaintiff the title thereto? Answer: Yes.

"2. Do you find from a preponderance of the evidence that the plaintiff paid a valuable consideration for said lease? Answer: Yes.

"3. Do you find from a preponderance of the evidence that the defendants as individuals covenanted with the plaintiff that the property in question was free and clear from all liens and encumbrances? Answer: Yes.

"3-a. If you have answered 'yes' to issue No. 3, herein, then do you find from a preponderance of the evidence that plaintiff relied upon the covenants mentioned in issue No. 3? Answer: Yes.

"4. If you have answered 'yes' to issue No. 1, then do you find from a preponderance of the evidence that at the time of the delivery of the assignment herein mentioned that there was unpaid taxes, interest costs and penalties due against the one-half interest in said lease for State, County and School District taxes? Answer: Yes.

"5. Do you find from the preponderance of the evidence that plaintiff was reasonably and necessarily compelled to expend money in order to quietly enjoy the use of said property? Answer: Yes.

"6. If you have answered 'yes' to the above issue then answer what do you find from a preponderance of the evidence to be the amount so expended by plaintiff in protection of said one half interest? Answer: $358.63.

"Special issues requested by defendants.

"1. A person is 'estopped' to assert a right inconsistent with a previous course of conduct when such conduct has been relied upon by another who was entitled to rely thereon and who would not be damaged if that person were permitted to assert that the conduct acted upon did not represent the true facts.

"By 'estopped' is meant that a party is precluded by his own acts from asserting a right to the detriment of another who, entitled to rely on such conduct, acted thereon, and would be damaged if said party be now permitted to assert said right.

"Do you find from a preponderance of the evidence that, under all the facts and circumstances in this case, the plaintiff is estopped (as that term is above defined) from claiming any individual liability against defendants for any matter growing out of the assignment to a half interest in the lease dated June 1924? Answer: No.

"2. An 'implied agreement' is an agreement not expressed in language but is presumed from acts of the parties or from circumstances which according to ordinary course of dealing and common understanding, show mutual intent to enter into such an agreement.

"You are instructed that the question of the intention of T. F. Hunter to look only to the assets of Texanna Production Company, as protection and security for the warranty in its assignment to him, may be shown by 'circumstantial evidence', and is a fact to be determined by you from all the facts and circumstances in the case.

"Do you find from a preponderance of the evidence (including all the facts and circum-

stances in this case) that there was an agreement, either express or implied, between the plaintiff and defendant in connection with the assignment to a half interest in the lease (dated June 1924) that the plaintiff would look only to the assets of the Texanna Production Company, for recourse as to any matter embraced in said transaction? Answer: No."

Plaintiff filed a remitter for $138.22. The jury found that the taxes due and paid by plaintiff were $358.63. The court rendered judgment for this amount less the amount of the remitter, being $220.41. From this judgment the defendants have appealed.

### Opinion.

■ The original petition was filed October 7, 1929, and a supplemental petition was filed on or about May 18, 1930. Defendant excepted to said original petition and supplemental petition, and pleaded the statute of four years' limitation (Rev. St. 1925, art. 5529). In Hays v. Talley, 161 S. W. 429, by the Texarkana Court of Civil Appeals, it is held that limitations against an action for breach of a covenant of warranty of realty do not commence to run until actual or constructive eviction under a superior outstanding title. See Alvord v. Waggoner, 29 S. W. 797, by this court; Seibert v. Bergman, 91 Tex. 411, 44 S. W. 63; Coleman v. Luetcke (Tex. Civ. App.) 164 S. W. 1117. The judgment of this court was reversed by the Supreme Court, 88 Tex. 616, 32 S. W. 872, in Alvord v. Waggoner, but the Supreme Court affirmed the holding of the Court of Civil Appeals on the question of limitation. See Hill v. Provine (Tex. Civ. App.) 260 S. W. 681; McPike v. Smith (Tex. Civ. App.) 209 S. W. 815; article 1298, Rev. Civ. Statutes 1925; Thomas v. Ellison, 102 Tex. 354, 116 S. W. 1141, by the Supreme Court. Therefore the assignment directed to the overruling of the exception to the cause of action on the plea of limitation is overruled.

■ An objection was made to the filing of the supplemental petition. We conclude that the supplemental petition is nothing more than a reply to defendant's answer. See article 2001, Rev. Civ. Statutes 1925; Pierce v. Allen (Tex. Civ. App.) 278 S. W. 453; Cotulla v. Urbahn (Tex. Civ. App.) 126 S. W. 13; San Antonio Traction Co. v. Bryant, 30 Tex. Civ. App. 437, 70 S. W. 1015.

■ During the trial plaintiff moved to dismiss J. S. Shultz; it having been suggested to the court that defendant Shultz had died since the service of citation on him and before the final trial of this case, and plaintiff made proof of his death. The defendants excepted to the dismissal of the case as to Shultz, and moved to postpone the case until the next term and until the personal representative of said Schultz could be made a party defendant.

Article 2082, Rev. Civ. Statutes, provides: "Where there are two or more plaintiffs or defendants, and one or more of them die, upon suggestion of such death being entered upon the record, the suit shall at the instance of either party proceed in the name of the surviving plaintiffs or against the surviving defendants, as the case may be." See Dunman v. Coleman, Mathews & Fulton, 59 Tex. 199; Gunter v. Jarvis, 25 Tex. 581.

■ We overrule this assignment, and conclude that there was no error in the action of the trial court in dismissing defendant F. G. Manley from the suit; he not having been served with citation, and being a nonresident of the state of Texas, and not having any property in the state subject to execution, as shown by the motion.

■ A certified copy of an oil and gas lease was attached to plaintiff's first supplemental petition as an exhibit, which appears to have been filed during the February term, 1930, the date not mentioned. The defendants objected to the introduction of the certified copy. Defendants filed a plea of non est factum. The plaintiff showed by testimony of the county clerk that the certified copy was in fact an exact copy of the original instrument on file in the county clerk's office. Article 3720, Rev. Civ. Statutes, provides that the copy of the records and filed papers of all public officers and custodians of records, certified to by the clerk, shall be admitted as evidence in all cases where the records themselves would be admissible. We overrule this assignment.

See article 3726, Rev. Civil Statutes, and the amendment thereto, as shown by the Acts of the 40th Legislature (1927), First Called Session, page 198, c. 73, § 1 (Vernon's Ann. Civ. St. art. 3726).

While one of the defendants, Clifford Mooers, testified that he had never filed the instrument, yet there was testimony on the part of plaintiff to the effect that the instrument was in the same form as the one he signed, which was filed in the county clerk's office.

While we have not discussed specifically other assignments, yet we have examined the same and feel that they should be overruled.

Accordingly, all assignments of error are overruled, and the judgment is affirmed.