No. 5935.

## D. FLANIKEN ET AL v. W. J. NEAL ET AL.

1. PAROL EVIDENCE—SHERIFF'S RETURN.—If the recitals on the return of an execution correspond with those contained in the sheriff's deed, as to the extent of the interest in land levied on and sold, parol evidence is not admissible in a collateral proceeding to correct or vary such recitals.

2. SAME—COLLATERAL ATTACK.—Under such circumstances the party whose rights are prejudiced, must seek relief in a direct proceeding brought to obtain it.   This case distinguished from Holmes v. Buckner, *infra*, 107.

3. PURCHASER AT SHERIFF'S SALE.—A purchaser at sheriff's sale, whose money paid on the purchase satisfied the judgment under which the sale was made, is entitled to be subrogated to the rights of the plaintiff in exetion, if the sale should be held void.

4. COVENANT OF WARRANTY.—The covenant of general warranty provided for in Article 552 of the Revised Statutes, binds the grantor to "warrant and forever defend" the title to the grantee, "his heirs and assigns." This obligation is continuous and is a covenant running with the land, which accompanies all conveyances of the same, and passes to each successive purchaser.

5. SAME.—One effect of such a covenant is to pass without the need of another conveyance any title to the same land subsequently acquired from another source by the covenanter himself.   The covenant of warranty adds nothing to the deed by way of operating a conveyance of the existing right which is vested at the time in the grantor, and which is conveyed by other clauses in the deed.

6. CASES APPROVED.—Beddoes, Executor, v. Wadsworth, 21 Wendell, 120; Brady v. Spurck, 27 Illinois, 478; McCrady v. Brisbane, 1 Nott & McCord, 104; Lewis v. Cook, 13 Iredell, 196, and Town v. Needham, 3 Paige, 546, approved.

APPEAL from Bell.   Tried below before the Hon. W. A. Blackburn.

The opinion states the case.

*George W. Tyler,* for appellants:   On his proposition to the effect that the court erred in excluding parol evidence to correct the sheriff's return, cited Flemming v. Powell, 2 Texas, 230; Mil-

ler v. Alexander, 8 Texas, 36; Howard v. North, 5 Texas, 302; Frazier v. Moore, 11 Texas, 758; Coffee v. Silvan, 15 Texas, 358; Baker v. Clepper, 26 Texas, 634; Ayres v. Duprey, 27 Texas, 598; Riddle v. Bush, 27 Texas, 677; Leland v. Wilson, 34 Texas, 91; King v. Russell, 40 Texas, 132; Donnebaum v. Tinsley, 54 Texas, 365; Insurance Company v. Lewis, 48 Texas, 629.

*Harris & Saunders,* for appellees.

GAINES, ASSOCIATE JUSTICE.    W. J. Neal and J. D. Bohannon brought suit against Kitty Taylor and Mary Larou for partition of certain tracts of land in Bell county.   Thereafter, on the seventeenth of March, 1884, J. B. Fennell and Warren Clayton, having purchased the interests of the original plaintiffs, joined as plaintiffs in the suit, and, together with their vendors, filed an amended petition, in which they made appellants parties defendant, as well as the original defendants to the suit.

By the amended petition plaintiffs claimed four-sixths undivided of the north half of the John M. Lemon survey of one thousand four hundred and seventy-six acres, and the same interest in all of the John M. Lemon survey of one thousand two hundred and eighty acres, except in a certain tract thereof consisting of two hundred and twelve acres, in which they claimed only three-sixths undivided.   In this last named tract they admitted an undivided one-sixth interest in appellants, and they also admitted that defendants, Kitty Taylor and Mary Larou, owned two-sixths undivided of each of the tracts sought to be partitioned.

These last named defendants admitted the allegations of the petition and joined in the prayer of plaintiffs.   Appellants in their answer claimed the entire title of the two hundred and twelve acre tract.   It was admitted by a written agreement filed in the cause that plaintiffs and defendants Kitty Taylor and Mary Larou had title to all the land except this last named tract, and that appellants owned one-sixth interest in that tract.   The issue made upon the trial was whether appellants or the other parties were entitled to recover the other five-sixths interest in that parcel of land.

The title to all the tracts seems to have been in John M. Lemon, deceased.   After his death a suit was brought in the district court of Travis county, by one Freeman, against his heirs (six in number) for the specific performance of a contract of location of land, in which plaintiff recovered a judgment for partition and

for costs. The lands described in the petition in this suit were allotted to the heirs, and an execution was issued against them for the costs to the sheriff of Bell county.

This execution was levied upon the one thousand two hundred and eighty acre survey, and the two hundred and twelve acres of that survey now in controversy were sold by the sheriff under that execution to X. B. Saunders and J. S. Allen. The sheriff's return on the execution recites that he sold the interest of John F. M. Lemon in said two hundred and twelve acres, who was one of the heirs and a defendant in the execution. The sheriff's deed purports only to convey the interest of that heir in the land. Saunders and Allen subsequently sold to one Berry and others by a warranty deed for six hundred and thirty-six dollars, one-half in cash and one half on a credit, as evidenced by a promissory note executed to them by their vendees. They transferred this note to one Denny, who brought suit thereon and obtained a judgment foreclosing the vendor's lien on the land. The land was sold under this judgment, and Denny became the purchaser. He subsequently conveyed it to appellants by quit claim deed. They set up these facts in their answer, and asked that Saunders and Allen, as warrantors, be made parties, and that in the event judgment be had against them that they have judgment against Saunders and Allen upon their warranty.

The appellants having pleaded that the sheriff at the sale under the execution from Travis county in fact sold the interests of all the defendants therein in the two hundred and twelve acres of land, that the recitals in the return were a mistake and made by inadvertence, and that the deed conveying only the interest of one of said defendants was also erroneous, and was so made through inadvertence—offered to prove these facts by the sheriff and other witnesses. Upon objection by the plaintiffs the testimony was excluded and appellants excepted.

We think the court did not err in its ruling. It is settled law in this State that a sheriff's deed is not necessary to pass title at a sheriff's sale of real estate. A valid judgment, execution and sale are sufficient for this purpose. But we are clearly of opinion that if a deed be made and the recitals contained in it correspond with those in the return, they can not be varied by parol evidence in a collateral proceeding after such a lapse of time as has occurred in this case. The facts before us differ materially from those of the case of Holmes v. Buckner, decided at last Tyler term. (67 Texas, 107.) There the deed and the return

varied as to the time of the sale by the sheriff under the execution, and parol evidence was held admissible to show that the deed showed the correct date. Here there is no discrepancy between the return on the execution and the officer's conveyance, and it is sought in a collateral proceeding to prove *aliunde* that the interests of all the defendants in the execution in the land in controversy were sold, instead of that of one of them, as shown by both the sheriff's return and his deed. In such a case the return should be deemed conclusive until set aside by a direct proceeding brought for the purpose of amending it. (McMicken v. Commonwealth, 58 Penn. State, 213; Barrows v. Rubber Company, 13 R. I., 78; Swift v. Cobb, 10 Vt., 282; Campbell v. Webster, 15 Gray, 28; Whitaker v. Sumner, 7 Pick., 551; Sykes v. Keating, 118 Mass., 517; Bamford v. Melvin, 7 Me., 14.)

In Ayres v. Duprey, 27 Texas, 599, this court say: "As a general rule, in the absence of fraud or mistake, it certainly can not be maintained that the return of the sheriff can be varied or contradicted by parol testimony." Also, in King v. Russell, 40 Texas, 124, it is said that the sheriff might be called to show that he was mistaken in saying, in his return, that the property levied upon was pointed out by the defendant in execution; but it being a case in which the validity of the sale by the officer was not called in question, it does not come under the rule we have stated. We are of opinion that if the facts were as claimed by appellants, the purchasers at the sheriff sale had a remedy to correct the mistake. But this should have been by a direct proceeding brought in the court from which the execution issued for the purpose of correcting or amending the return, and to reform the deed.

The court did not err, as complained in appellant's second assignment, in instructing the jury to find in favor of plaintiffs for the interest of five-sixths of the two hundred and twelve acre tract of land depending upon the sheriff's sale we have just had under consideration.

Appellants' second assignment of error is that "the court erred in instructing the jury to find five-sixths of the two hundred and twelve acres in controversy in favor of plaintiffs and defendants Taylor and Larou." The proposition under this assignment is that "Flaniken and Moffett were entitled to have the two hundred and twelve acres allotted to them as vendees of John F. M. Lemon, if that could be done without prejudice to the other cotenants." If John F. M. Lemon had sold this specific tract of

land to Saunders and Allen, it may be that under certain circumstances equity would have decreed his vendees the specific portion so sold, provided it did not exceed in value his interest in the entire tract. But here the sheriff sold only his interest, which was one-sixth. It is clear that the purchasers could only claim this sixth; and they could convey no more than they bought.

A purchaser at a sheriff's sale whose bid pays off a judgment is entitled to be subrogated to the rights of the plaintiff in execution, provided the sale be held void. (Howard v. North, 5 Texas, 315.) But in the case before us the sale was valid, and on the trial in the court below was admitted to pass such title as the deed and return of the sheriff purported to have conveyed. Hence appellant's fourth assignment of error is not well taken.

We think, however, that the court erred in instructing the jury to find in favor of defendants Saunders and Allen as against appellants' claim on their warranty to Berry.

The proposition by which counsel for appellees seek to sustain the correctness of this charge is as follows:

"Appellants claiming under a quit claim deed from Denny, who purchased at sheriff's sale under execution, there was no privity of estate between appellants and Saunders and Allen, and the court did not err in directing the jury to find in favor of Saunders and Allen, whose personal covenant to Berry did not pass to appellants by said quit claim deed and said sheriff's deed."

We know of no decision of our own courts which maintain this doctrine, and none has been cited in the brief of counsel. Nor have we found such authority elsewhere. The covenant of general warranty provided for in Article 552 of the Revised Statutes binds the grantor "to warrant and forever defend" the title to the grantee, "his heirs and assigns." Such is universally held to be a continuing obligation, and a covenant which runs with the land. (Rawle on Covenants for Title, 334; 3 Washburn on Real Prop., 3 ed., 399; Martindale on Conveyancing, sec. 162; 2 Hilliard on Real Prop., 598, et seq.) By this is meant that it is a covenant which accompanies a conveyance of the land and passes from one purchaser to another through each successive link in the chain of title.

It is not to be disputed that a deed without warranty may convey all the right, title and interest of the grantor existing at the time of its execution as fully as one with warranty. (DeChaumont v. Forsythe, 2 Penn., 507.) The effect of the covenant is merely to pass by its own vigor any title subsequently acquired

by the covenantor himself, and to bind him to pay the covenantee his heirs and assigns, in case the title fails, damages to the amount of the purchase money and interest. It adds nothing to the deed in so far as it operates as a conveyance of the existing right, and hence no reason is seen why it should be deemed necessary in order to transfer such former covenants as ran with the land.

But we are not without authority upon the question. In Beddoe's Executor v. Wadsworth, 21 Wendell, 120, it is expresly decided that a quit claim deed assigns to the grantee the covenants of warranty in the chain of title under which the grantor claims. Brady v. Spruck, 27 Illinois, 478, is cited in support of the same proposition, but that volume is not accessible to us at this time. (See Martindale on Conveyancing, section 57.) That such is the law as to sheriff's deeds has been repeatedly held by courts of high authority. (Carter v. Denman, 3 Zabriskie, 270; McCrady v. Brisbane, 1 Nott & McCord, ·104; Lewis v. Cook, 13 Iredell (Law), 196; Markland v. Crump, 1 Dev. & Batt., 94; Town v. Needham, 3 Paige, 546; Redwine v. Brown, 10 Georgia, 320.)

It is said by an eminent text writer: "The covenant of warranty is a personal one. * * * It is a covenant that runs with the estate with reference to which it is made, and may be availed of as such, in his own name, by any one to whom the same shall come by deed, even after successive conveyances, or a descent or devise. It is often difficult to distinguish between a covenant in gross and such as run with the land, but a covenant of warranty seems clearly among those that will always run with the land. In the first place, there is the requisite parity between the grantor, who is the covenantor, and the purchaser or holder of the land in relation to which the covenant is entered into; in the next, the covenant for title entered into and formed a part or parcel of the contract by which, and of the consideration for which, the grant of the land was made, and whoever purchases the one is supposed to pay for the other, and to become substituted in all respects in place of the first covenantee, so far as the right of being indemnified for any failure by defeat of title." (3 Washburn on Real Property, 399.)

It follows from what we have said, that in our opinion the court erred in so much of its charge to the jury as is complained of in appellant's third assignment of error. The judgment will therefore be reversed and the cause remanded.

Opinion delivered April 15, 1887.　　*Reversed and remanded.*