### X. B. Saunders et al. v. D. Flaniken et al.

No. 6672.

1. **Case Adhered to.**—Flaniken v. Neal, 67 Texas, 629, adhered to.

2. **Warranty Goes with the Land—Quit-Claim.**—The covenant of warranty runs with the land, and the vendee through a sheriff's deed or a quit-claim may recover upon the covenant.

3. **Same—Quit-Claim.**—That it was expressly understood by the vendee that he was to have but a quit-claim, and that he obtained the land at a less price by taking such a deed, is no more a waiver of a warranty than is a quit-claim deed by its terms.

4. **Measure of Damages.**—The breach of warranty where part of the land is recovered is the proportion lost without interest where possession was had.

Appeal from Bell. Tried below before Hon. W. A. Blackburn.

.This is a second appeal. In the report of the first (67 Texas, 627) will be found a statement of the case, save that after the reversal the appellants here pleaded that in the purchase by appellees of Denny they ex-

pressly waived a warranty, and that the price was reduced materially upon their taking such a deed.

It was proved that the matter was discussed before the trade, and that the appellees contracted for a quit-claim, taking the land at reduced price.

Other facts are given in the opinion.

*X. B. Saunders*, for appellants. — 1. It is well settled that covenants of seizin and right to convey are covenants *in presenti;* if broken at all their breach occurs at the moment of their creation. The covenant is that a particular state of things exists at that time, and if this be not true the delivery of the deed which contains such a covenant causes an instant breach. Such covenants are then it is held turned into a mere right of action, which is not assignable at law, which can be taken advantage of only by the covenantee or his personal representative, and can not then pass to an heir, a devisee, or a subsequent purchaser. Westrope v. Chambers, 51 Texas, 178; Greenly v. Wilcocks, 2 Johns., 1; Pierce v. Johnson, 4 Vt., 253; Mitchell v. Warren, 5 Conn., 497; Beckford v. Page, 2 Mass., 455; Beddoe v. Wadsworth, 21 Wend., 124, 125; Chapman v. Holmes, 5 Halst., 20; Wilson v. Forbes, 3 Dev., 20; South v. Hay, 3 B. Mon., 48; Brady v. Spanck, 27 Ill., 482; 1 Pike, 313; 37 Cal., 188; 5 Wis., 21; Rawle on Cov. for Title, 318–322, and authorities in note 1, p. 320.

When this case was before this court before, this court did not have before it any copy of the deed from Saunders and Allen to W. H. Berry et al.; it only had a general statement in the transcript that Saunders and Allen had executed simply a general deed to them. Indeed, so confident were these defendants that Denny's quit-claim to them conveyed no previous warranty they did not deem it necessary on the former trial, but the court having determined otherwise, we have now deemed it necessary to develop all the facts attending the transaction. This we have done, and we have shown that by reason of the covenants contained in the deed from Saunders and Allen to the Berrys and Boothe there was an instantaneous breach of the covenants to the Berrys and Boothe, and a right of action accrued to them, and to them alone, which could not be assigned. There being a breach, there was no longer any covenant running with the land, and as a consequence when Denny foreclosed his lien and when he sold to Flaniken and Moffatt, no matter what would be the power of a quit-claim under ordinary circumstances to pass previous covenants, it could not obtain in this state of case, for it can not properly be said that a covenant after it is broken can run with the land. It therefore inevitably follows that there is no privity of contract in this matter between these defendants and Flaniken and Moffatt.

2. When premises were occupied by the warrantee, and he has not accounted nor is accountable for rents and profits, he is entitled to recover

interest upon the purchase money only for the time succeeding eviction. Brown v. Hearon, 66 Texas, 63, and authorities.

3. It is a well settled principle that in judicial sales there is no warranty—the purchaser takes only what he gets; and that the rule of *caveat emptor* applies in all its rigor to judicial sales of real property. In absence of fraud the buyer must look out for himself. Lynch v. Baxter, 4 Texas, 431; Williams v. McDonald, 13 Texas, 322; Thompson v. Munger, 15 Texas, 523; The Monte Allegre, 9 Wheat., 616; Rorer on Jud. Sales, secs. 458–462; 1 Story's Eq. Jur., sec. 200, and notes.

4. In Harrison v. Boring, 44 Texas, 255, it is held that "a purchaser under a quit-claim deed only takes such interest as his vendor could lawfully convey, and is not entitled to protection in a court of equity as an innocent purchaser." This case also held that the effect of a deed in form a quit-claim could be ascertained by surrounding facts. Here the purpose expressly appears that only the chance or mere right of the vendor was intended to pass. It should follow that no covenants passed from Denny.

5. Whatever may be the effect of a quit-claim deed to pass previous covenants, yet if in consideration of purchasing the land at a reduced price which was less than its market value Flaniken and Moffatt waived a warranty deed and agreed to take a quit-claim and simply buy the chances of a title, then they only got what they contracted to buy. They thereby release all the previous covenants and are estopped from jumping over their quit-claim and recovering from a previous warrantor to another; and the court erred in withholding from the jury the consideration of these facts.

6. One holding under a quit-claim deed gets only such interest and title in the land as his vendor could lawfully convey. Consequently, even if it were true that he could jump over his quit-claim and go on to a remote warrantor, in case of eviction he could only recover the same amount that was paid as purchase money by his vendor; that is to say, he is not entitled to recover any more from the remote warrantor than his vendor could have recovered in case of eviction. He could only do so with full chain of warranty deeds. The quit-claim can not have greater effect than the warranty. Harrison v. Boring, 44 Texas, 255; Brown v. Hearon, 66 Texas, 63.

*G. T. Tyler*, for appellees. — 1. The covenant of warranty of title runs with the land and passes from one purchaser to another through each successive link in the chain of title, whether by subsequent deeds of warranty or by quit-claim, sheriff's sale, etc. Rev. Stats., art. 552; Flaniken v. Neal, 67 Texas, 629, and authorities cited; Rawle on Cov. for Title, 334; 3 Washb. on Real Prop., 3 ed., 399; Hill. on Real Prop., 598, *et seq.*; Beddoe v. Wadsworth, 21 Wend., 120.

2.   Appellees Flaniken and Moffatt are not estopped from claiming the benefit of the warranty of appellants to Berrys and Boothe.

3.   Flaniken and Moffatt were entitled to recover (as they did) from Saunders and Allen five-sixths of the $500 paid by Flaniken and Moffatt to Denny—Saunders and Allen having received a greater amount, to-wit, $636, from Berrys and Boothe, and warranted the title to the latter.

ACKER, PRESIDING JUDGE.—X. B. Saunders and J. S. Allen conveyed by warranty deed to the Berrys and Boothe 212 acres of land for the consideration of $637.50, one-half cash and the balance to be paid at one year, for which they executed their promissory note.  Saunders and Allen transferred the note to H. C. Denny, who brought suit on it, foreclosed the vendor's lien, and bought the land at sheriff's sale for $150.   Denny sold and conveyed the land by quit-claim deed to D. Flaniken and J. W. Moffatt for the consideration of $500.   W. J. Neal et al. brought this suit against Flaniken and Moffatt, who had taken possession of the land under their deed from Denny, and they impleaded Saunders and Allen as warrantors to Berrys and Boothe.

The trial by jury resulted in judgment against Flaniken and Moffatt for five-sixths of the land, and in their favor against Saunders and Allen for five-sixths of the purchase money paid by them to Denny, from which Saunders and Allen appealed.

On a former trial in the court below the court charged the jury to find in favor of Saunders and Allen on their covenant of warranty to Berrys and Boothe, upon the theory that the covenant of warranty did not pass by the sheriff's deed to Denny or Denny's quit-claim deed to Flaniken and Moffatt.   The verdict was returned accordingly, upon which judgment was rendered, and Flaniken and Moffatt appealed.

In disposing of that appeal the Supreme Court held that the covenant of warranty passed by both the sheriff's deed and the quit-claim deed, and reversed and remanded the case.   67 Texas, 633.

On the trial which resulted in the judgment from which this appeal is prosecuted Saunders and Allen pleaded that Flaniken and Moffatt expressly waived a warranty when they purchased the land and bought only the chance of title.

The court instructed the jury to find for Flaniken and Moffatt one-sixth of the land, and in their favor against Saunders and Allen for such amount as the evidence showed that they had paid Denny for the land, with interest at 8 per cent from the time of payment.

It is contended that the court erred in this charge, because the evidence showed that in any event Flaniken and Moffatt were entitled to recover one-sixth of the land and to that extent were not entitled to recover the purchase money paid by them, and because the evidence showed that Flaniken and Moffatt had been in possession and using the land ever since they

purchased it, and were not, therefore, entitled to interest on the purchase money paid by them.

The jury returned a verdict in favor of Flaniken and Moffatt for one-sixth of the land and in their favor against Saunders and Allen for five-sixths of the purchase money paid by them for the land and interest thereon at 8 per cent from the date of payment, from which it is evident that the jury understood the charge to mean that they should find on the covenant of warranty an amount of money in proportion to the quantity of land for which they were instructed by the court to find a verdict against Flaniken and Moffatt.

The verdict cured the error in the charge as to the amount for which Saunders and Allen were liable to Flaniken and Moffatt, and Flaniken and Moffatt having filed in the court below a remittitur for the interest found by the jury, the charge complained of did not operate to the prejudice of appellants.

We do not think that Flaniken and Moffatt could have waived a warranty in a more express or emphatic way than by taking a quit-claim deed. Such waiver, under the former decision in this case, could not have the effect to relieve Saunders and Allen of liability on the covenant of warranty in their deed to Berrys and Boothe. That covenant was in the usual form "to warrant and forever defend all and singular the said land and premises against the lawful claims of all persons whomsoever." On the former appeal it was in effect decided that Saunders and Allen were liable on this covenant to Flaniken and Moffatt, and there was nothing disclosed by the last trial that could relieve them of such liability.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted June 17, 1890.