### P. J. WILLIS & BRO. V. T. WINDSOR ROBINSON ET AL.

### No. 246.

**Cotenants—Partition—Remedy where Title Fails in Part.**—B. and others, joint owners of a tract of land, laid it off in town lots and partitioned the lots among themselves in severalty. By mistake in surveying, a strip along the east side of the tract, not belonging to them, was included, and a corresponding strip on the west side was left unpartitioned. Part of the lots set over to B. and lying in such east strip were, as his property, sold under execution to appellants, and title thereto having failed, they brought suit, asking to be recompensed by having set apart to them B.'s interest in the unpartitioned strip. *Held:*

1. The right of a tenant whose title fails to the land allotted to him in partition, is to call for a repartition, or for a money compensation from his cotenants; but not to demand compensation out of other lands they may own.

2. Appellants by their purchase acquired, at most, only the right of B. in the specific lots they bought, and his right of action on the covenants that run with a partition, but not his interest in other lands not partitioned; and they were therefore not entitled to the relief asked.

APPEAL from Wilbarger. Tried below before Hon. G. A. BROWN.

*Frank P. McGhee,* for appellants.—1. In mutual partition among tenants in common by deeds reciprocally made, a covenant runs with the land so partitioned, and this covenant, by reason of failure of title to a part of supposed common land, does not give such tenant in common suffering loss thereby a right of action simply for purchase money with interest for such lost portion, but a right to come in for a repartition or an accounting, if he choose, so that he shall be placed on the true land first in fact owned by the tenants in common; and if this can be done out of common land still undisposed of, equity will compel such a disposition of same. James v. Adams & Wicks, 64 Texas, 193; 3 Washb. on Real Prop., 396; Grigsby v. Peak, 68 Texas, 239; Moore v. Hazlewood, 4 S. W. Rep., 215; Davis v. Agnew, 67 Texas, 206; Ross v. Armstrong, 25 Texas Supp., 355.

2. The covenants that run with this land, as set forth in the above proposition, pass by sheriff's deeds to the purchaser at sheriff's sale. Flaniken v. Neal, 67 Texas, 629; Rawle on Cov. of Title, 334.

3. The fact that C. M. Byars furnished a part of the purchase money

to pay for the land sought to be partitioned, and now held by the trustee, Robinson, gave Byars the equitable title to same in proportion to the money he furnished; and all such interest of Byars having been sold under plaintiffs' execution and bought in by them, placed them in Byars' stead, and they should be entitled to Byars' rights, and be allowed a part of the common land. Oberthier v. Stroud, 33 Texas, 522; 2 Washb. on Real Prop., 441–443; Flaniken v. Neal, 67 Texas, 629.

*Stephens & Huff*, for appellees.—1. The appellants were not tenants in common, joint tenants, or coparceners in the land sought to be partitioned, but only purchasers at execution sale of certain designated lots, and were not entitled to contribution out of the lands in suit for the lots lost by them. Ross v. Armstrong, 25 Texas Supp., 371; 4 Kent's Com., 357, 366, 367.

2. The sale of land made by a sheriff can not be shown by parol; or that he intended to convey some other land not described in the return or deed. There is no presumption that by a sheriff's deed any interest was intended to be passed, as between private parties, simply because of the deed. Flaniken v. Neal, 67 Texas, 629; Brown v. Chambers, 63 Texas, 135.

3. If the covenant of warranty run with land to appellants, and is available through a sheriff's deed, they could only recover on their warranty, and could not demand contribution as cotenants with the original town company. Grigsby v. Peak, 68 Texas, 239; Freem. on Co-Ten. and Part., sec. 409; Koenigheim v. Miles, 67 Texas, 123.

HEAD, ASSOCIATE JUSTICE.—The findings of fact filed by the court below do not connect the appellants, Willis & Bro., with the land in controversy in any manner whatever. From the substituted statement of facts, however, we understand that C. M. Byars at one time owned an undivided one-twelfth interest in the south half of section 18 and north half of section 64 of the Houston & Texas Central Railroad Company surveys in Wilbarger County. That the several tenants owning this land undertook to lay it off into lots and blocks, for the purpose of building a town thereon; but by mistake as to the correct location of their east line, a portion of this town was surveyed too far east, upon land they did not own, and a corresponding amount of their own land, being a strip 366 varas wide, was left undivided. That after this town was so surveyed and platted, the cotenants partitioned it by conveying to each one his interest in lots by numbers as shown on this plat.

After this partition, Willis & Bro. levied an execution upon the lots so conveyed to Byars in severalty, and at the sale thereunder became the purchasers thereof. A part of the lots so purchased were in that part of the town located east of the correct line of said sections, and their title

thereto having therefore failed, appellants ask in this suit to be recompensed for such loss by having set apart to them the interest of Byars in the 366 varas strip left undivided as aforesaid.

We believe appellants are not entitled to this relief. If it be conceded that by their purchase at the execution sale they acquired Byars' right to the covenants of warranty in his claim of title (Flaniken v. Neal, 67 Texas, 629), including his right to call upon his cotenants for compensation, or, in a proper case, for a repartition, this will not give them his interest in other land not included in the division. Arnold v. Cauble, 49 Texas, 527. Where the title of one of the tenants fails to all or a part of the land set aside to him in partition, he has the right in this State to look to his cotenants to compensate him; but this does not mean compensation for the entire loss, but only their proportionate part thereof. Grigsby v. Peak, 68 Texas, 235.

Sometimes this compensation is sought and obtained by a repartition; but in such cases the tenant whose title failed does not get the full number of acres he lost, but only his proportionate share of the remainder, after deducting this loss from the whole. Grigsby v. Peak, supra. So, in this case, if Byars had remained the owner, when it was ascertained that he had lost a part of the land set aside to him, other rights not intervening, he might have demanded of his cotenants a repartition of that part of the town the title to which was good, and in such partition there would have been given him his proportionate share thereof, but he would also have been required to bear his proportionate share of the loss; or he might, if he preferred, have demanded of his cotenants money compensation, to be governed, however, by the same principles as the repartition.

We know of no principle, however, by which he could have demanded compensation out of other lands his cotenants may have owned. The difficulties that would necessarily attend such an adjustment would be sufficient reason for its rejection. Now it is contended that Willis & Bro., by their purchase, acquired only the interest of Byars in the specific lots described in their deed, and his right to recover upon the implied covenant of warranty by reason of the partition; and, of course, their right under this covenant would not be greater than his would have been had he not sold.

We know it may be contended that Byars still had an interest with his cotenants in the land that was not included in the first partition, and if he were the acting party, this might also be included in the repartition. If the status of all the parties had remained the same, it may be that under our liberal practice this could have been done; but Byars did not acquire his interest in this other land by reason of the implied covenant in the first partition, but he owned it outside and independent thereof, and appellants, by their purchase at the execution sale, at most acquired only his interest in the specific land sold and his right of action upon that

covenant, and did not acquire the title he had in other land by reason of other facts, even though there be nothing to prevent him having it partitioned in that suit, had he so desired.

We conclude that the judgment of the court below should be affirmed as against the appellants, P. J. Willis & Bro., and it is so ordered.

*Affirmed.*

Delivered November 1, 1893.