## JOHNSON *et al.* v. BRAUCH *et al.*

1. A conveyance by a husband directly to his wife is valid, where it does not affect the rights of creditors.

2. Where a father and children are tenants in common, a tax deed for the land, obtained for and with moneys furnished by the father, inures to the benefit of all.

3. A special act authorizing the husband, as administrator of his wife's estate, to sell land which he and his children inherited from her, where there are no debts to be paid, or any benefit to the heirs to be derived therefrom, was invalid, as it permitted the taking of property without due process of law.

4. Comp. Laws, Sec. 3401, Subd. 2, provides that "if decedent leave no issue the estate goes in equal shares to the surviving husband or wife and to decedent's father." *Held*, that where a father conveyed, by warranty, land in which he held only a third interest as tenant in common with his children the interest which he acquired upon the subsequent death of a son leaving a wife and no children, immediately passed to his grantee.

(Opinion filed July 22, 1896.)

Appeal from circuit court, Yankton county. Hon. F. R. AIKENS, Judge.

Action to quiet title to certain land. From a judgment for defendants, plaintiffs appeal. Modified.

The facts are stated in the opinion.

*French & Orvis* and *Gamble & Dillon,* for appellants.

The father having made a warranty deed, such conveyance carried with it the interest by him inherited, it being an after-acquired title, and such after-acquired title inured to the bene-

fit of his grantee.    1 Devlin on Deeds, § 721; 1 Jones on Mort-
gages (4th Ed.), § 679.    Under our statute, real estate passes
*eo instanti* to the heir upon death of the ancestor.    Territory *ex
rel.* Hall v. Bramble, 2 Dak. 208.    The conveyance of the home-
stead from the husband to the wife, without evidence of consid-
eration, and without evidence to sustain the *bona fides* of the
transaction, was invalid, and the deed was incompetent.    Dev-
lin on Deeds, § 108; Wallingford v. Allen, 10 Pet. 583; Putnam
v. Bicknell, 18 Wis. 633; Huber v. Huber, 10 Ohio 371; Simons
v. McElvain, 26 Barb. 419; Hunt v. Barnard, 44 N. Y. 27;
Bowre v. Stonestreet, 6 Md. 418; Sims v. Rickets, 35 Ind. 181,
Gahliard v. Dumont, 54 Cal. 496.    Neither Jacob Brauch nor
his successors in interest were estopped in urging this objec-
tion.    Flege v. Garvie, 47 Cal. 371.   Facts showing equitable
title must always be alleged.    Goldberg v. Kidd, 5 S. D. 169,
58 N. W. 574; Brady v. Husby, 33 Pac. 801; Anderson v. Kos-
mussen, 36 Pac. 820; Stowe v. Banks, 27 S. W. 347.    The deed
from Wynn to Brauch was voidable only, and by the long ac-
quiescence of the heirs it has ripened into a perfect title.    Boyd
v. Blackman, 29 Cal. 20; Hammond v. Hopkins, 143 U. S. 250;
2 Devlin on Deeds, 1157; Flint on Trusts and Trustees, § 95;
Booream v. Wells, 19 N. J. Eq. 87; Pomeroy Eq. Jurisp. 1077.
The legislature had power to enact the special law authorizing
the administrator to sell and convey the premises.    Cooley
Const. Lim. 117; Rice v. Parkman, 16 Mass. 326; Cochran v.
VanSurlay, 20 Wend. 365; Hoyt v. Sprague, 103 U. S. 613;
Wilkinson v. Leland, 2 Pet. 627; Corrall v. Olensted, 16 Ohio
251; Watkins v. Holman's Lessee, 16 Pet. 25; Williams v. Nor-
ris, 12 Wheat. 129; Cooley on Const. Law, 124; Moore v. Max-
well, 18 Ark. 469; Stanley v. Colt, 5 Wall. 119; Williamson v.
Williamson, 41 Am. Dec. 636; Kibby v. Chitwood, 16 Am. Dec.
143; Brevoort v. Grace, 53 N. Y. 245.

*E. C. Kennedy* and *N. J. Cramer*, for respondents.

The special act of the legislature was illegal and unconsti-
tutional.    3 Washburn on Real Property 227; Soheir v. Mass.

General Hospital, 57 Mass. 483, 'Powers v. Bergen, 6 N. Y. 358; Brenham v. Story, 39 Cal. 179; Lane v. Dorman, 4 Ill. 238; Paty v. Smith, 50 Cal. 153; Cooley on Const. Lim. 117, 483; Wilkinson v. Leland, 2 Pet. 627; Watkins v. Lessees, 16 Pet. 25; People v. Morris, 13 Wend. 327; State v. Duffy, 7 Nev. 349; Pryor v. Downie, 50 Cal. 388; Taylor v. Porter, 4 Hill 141; School Dist. v. Seminary, 12 Atl. 857; Bevins v. Russell, 89 Ill. 60; Strauss v. W. Va., 100 U. S. 303; Hoyt v. Sprague, 103 U. S. 613; Williamson v. Suydam, 6 Wall. 763.    The title obtained by Brauch, while he was administrator, was obtained for the benefit of the estate; the law makes him a trustee of the property so obtained of the estate, and would compel him to transfer any of the titles that he may have obtained to the estate. Watkins v. Zwietusch, 3 N. W. 35; Boyd v. Blackman, 29 Cal. 29; Guerrello v. Ballerino, 48 Cal. 121; Flint on Trusts and Trustees, § 95; Willard's Eq. Jurisp. 186; Waples' Homestead and Exemptions, 131.    It is fraud in one co-tenant to suffer the common property to be sold for taxes, and to purchase it in himself, and the tax title inures to the common benefit.    1 Washb. Real Prop. 689; Freeman on Co-tenancy and Partition, § 156; Cossom v. Donaldson, 68 Am. Dec. 723; Weaver v. Wible, 64 Am. Dec. 698; Tisdale v. Tisdale, Id: 782.    See, also, Manderville v. Solomon, 39 Cal. 125; Lloyd v. Lynch, 28 Pa. St. 424; Nole v. White, 37 Id. 524; Brown v. Hogle, 30 Ill. 119; Vender v. Stewart, 75 Ind. 88; Flynn v. McKinney, 44 Ia. 68; Austin v. Barrett, Id. 488; Barker v. Jones, 13 Am. St. Rep. 586; Carpenter v. Carpenter, 131 N. Y. 101; Tanney v. Tanney, 39 Am. St. Rep. 678; Coahea v. Hemingway, 42 Am. St. Rep. 449.    The deed by Brauch to his wife was lawful and discloses sufficient consideration.    Waples on Homestead and Exemptions, 395; Furrow v. Athey, 21 Neb. 671; S. C. 33 N. W. 208; Spoon v. Van Fosser, 5 N. W. 624; Harsh v. Griffin, 34 N. W. 441; Busher v. Smith, 35 N. W. 681; Albright v. Albright, 70 Wis. 528, 36 N. W. 258; Dull v. Merrill, 69 Mich. 49, 36 N. W. 677; McHugh v. Smiley, 17 Neb. 626, 20

N. W. 296; Reihl v. Bingenheimer, 28 Wis. 84; Putnam v. Huchrell, 18 Wis. 333; Wilder v. Brooks, 10 Minn. 32; Harmon v. Hoxley, 23 Wis. 519; Thompson on Homestead and Exemptions, 473.

FULLER, J.   This action, to quiet the title to certain real property, was tried to the court without a jury, and from the decree, based upon findings of fact and conclusions of law adverse to the claim of plaintiffs, and adjudging the defendants to be indefeasible owners of a two-thirds interest in the property, and from an order overruling a motion for a new trial, plaintiffs appeal.   The title asserted by appellants Charles A. and Adelbert P. Johnson, is evidenced by a warranty deed, dated February 26, 1890, executed and delivered to them by their co-appellant, Edward R. Houlton, who is the grantee named in a deed, with the usual covenants of warranty, executed and delivered to him on the 8th day of June, 1883, by Jacob Brauch, as administrator of the estate of Anna Brauch, deceased. Briefly stated, the essential facts are as follows:   On the 30th day of May, 1874, while Jacob Brauch owned the real property in dispute, and occupied the same with his family, consisting of Anna Brauch, his wife, and their seven children, all of whom so far as they survive, are made parties defendant herein, he executed and delivered to his wife, Anna Brauch, a wrrranty deed of the premises, which was duly recorded in the office of register of deeds.   After the execution and delivery of the deed, Jacob Brauch filed a declaration of homestead, covering the premises in dispute; and the entire family continued, as formerly, to reside upon the land until the month of August, 1877, when said Anna Brauch died intestate, leaving her husband and children as sole surviving heirs at law, all of whom still continued to occupy and reside upon the premises until April, 1881, when a flood occurred, and the buildings thereon were swept away, and the premises rendered untenable.   On the 31st day of August, 1877, Jacob Brauch, by regular appointment,

became the duly qualified and acting administrator of the estate of Anna Brauch, deceased, and so continued up to the time of his death, which occurred on or about January 1, 1890. Although the estate consisting of real and personal property, was perfectly solvent, and all claims were promptly paid in full, in the due course of administration, without the necessity of selling, or in any manner interfering with any portion of the real property involved in this suit, said Jacob Brauch, as administrator, acting under a special legislative enactment—to be noticed later on—sold and conveyed the property on the 8th day of June, 1883, to the appellant Edward R. Houlton, who is the grantor of his co-plaintiffs and appellants, Charles A. and Adelbert P. Johnson, who, in support of their title and claim of fee-simple ownership, relied upon their deed from Houlton, together with a certain tax deed executed simultaneously by Henry B. Wynn to said Jacob Brauch. Furthermore, it is confidently maintained that the deed from Jacob Brauch to Anna Brauch, purporting to convey the premises in dispute directly from the husband to the wife, is void in law, and not sustainable in equity. Certain subordinate facts though carefully considered, will not be specifically stated; and others will be noticed in their proper relations, and with reference to rules of law by which the action of the trial court must be measured in order to correctly determine the rights of the parties.

The deed under which respondents, as surviving heirs, claim title, imports a valuable consideration, and was presumptively executed and delivered in good faith by Jacob Brauch to Anna Brauch, his wife, at a time when there were apparently no creditors to complain, and while a portion of the premises was being occupied as the homestead of the family. As statutes inhabiting the alienation or incumbrance of the homestead without the concurrent assent of the husband and wife, evidenced by an instrument in writing, executed by both, and duly acknowledged, emanate from a regardful consideration of reciprocal duties, and are designed only to protect the home

and family against the vicissitudes of fortune and the ravages of time and events, the spirit of such laws is not contravened by a conveyance direct from the husband to the wife, and it is useless for both husband and wife to join as grantors in such a deed. Comp. Laws, § 2590; Wap. Homest. p. 395, § 9; Furrow v. Athey, 21 Neb. 671, 33 N. W. 208; Harsh v. Griffin (Iowa), 34 N. W. 441; Albright v. Albright, 70 Wis. 528, 36 N. W. 254; Dull v. Merrill, 69 Mich. 49, 36 N. W. 677; Wilder v. Brooks, 10 Minn. 50 (Gil. 32). Subject merely to the temporary right of possession for the sole purposes of administration, under the statute the land in question, at the death of Mrs. Brauch, descended directly to her husband and children, who thereupon became tenants in common, and fee simple owners thereof, subservient only to the homestead right, so far as the same extended.

As disclosed by competent evidence, and found by the court, the tax deed executed to Henry B. Wynn on the 21st day of November, 1878, upon which appellants measurably rely, was obtained for, at the instance and request of, and solely with the money advanced by Jacob Brauch, for his own personal use and benefit, while a co-tenant, and the duly appointed, qualified and acting administrator of the estate of Anna Brauch, deceased. An administrator, joint owner and father of dependent, and helpless children, is without power to thus appropriate to his own use and benefit their interest in property derived from a common source, and the tax title inured to the benefit of all. Weaver v. Wible, 64 Am. Dec. 696; 1 Washb. Real Prop. 689; Tied. Real Prop. 252; Brown v. Hogle, 30 Ill. 119; Bender v. Stewart, 75 Ind. 88; Lloyd v. Lynch, 38 Pa. St. 419; Flinn v. McKinley, 44 Iowa 68; Barker v. Jones, 13 Am. St. Rep. 586; Donnor v. Quartermas (Ala.), 8 South. 715; Carpenter v. Carpenter, 131 N. Y. 101, 29 N. E. 1013; Watkins v. Zwietusch (Wis.), 3 N. W. 35.

When the deed to Edward R. Houlton, under which the Johnsons claimed title, was executed and delivered, and when

the special statute was passed, purporting to authorize Jacob Brauch, as the administrator of Anna Brauch, deceased, to "sell and convey either at public or private sale" the property in dispute, there were no debts or claims of any kind against the estate, nor is there anything to indicate that the heirs and indefeasible owners of the property would derive any benefit from the transaction. Apparently, the only object sought to be attained was to enable an administrator to convert property owned jointly by himself and children, but two of whom were under disability, into money for the sole purpose of distribution. Special statutes authorizing a guardian to sell the estate of a decedent for the maintenance and education of minor heirs, or the payment of debts, subject to which they obtained title at the death of an ancestor, and with which the property is still burdened, have been sustained for the reason that the rights of creditors are paramount, and upon the theory that the legislature should, when necessary, protect the weak, and promote the welfare of persons incapacitated by some legal disability from disposing of their own estate. No necessity appears to have existed for a sale of the premises, and obviously the legislative act invades the functions of the judiciary. In contravention of the federal constitution, and the organic law then in force in this jurisdiction, tenants in common and the owners of private property were, without their consent, and in the absence of notice or an opportunity to be heard, divested of their estate without due process of law, and the act relied upon to justify the transaction is therefore unconstitutional and void. Brenham v. Story, 39 Cal. 179; Wilkinson v. Leland, 2 Pet. 627; Powers v. Bergen, 6 N. Y. 358; Lane v. Dorman, 3 Scam. 238; Sohier v. Hospital, 3 Cush. 483; 3 Washb. Real Prop. 227. The language of Mr. Justice Story in Wilkinson v. Leland, *supra*, is: "We know of no case in which a legislative act to transfer the property of A. to B. without his consent has ever been held a constitutional exercise of legislative power in any state of the union."

There being, under the circumstances of this case, no merit
in appellants' claim that relief should be denied respondents on
account of their delay in asserting title, we will pass to a con-
sideration of the only remaining point requiring attention.    As
an undivided one-third interest of the estate of Anna Brauch,
deceased, descended to, and by inheritance under the statute,
became the property of, her husband, Jacob Brauch, from
whom appellants' title was derived, the court decreed appel-
lants Charles A. and Adelbert P. Johnson, under their deed
from Houlton, to be the joint owners of said undivided one-
third interest, and confirmed in respondents the remaining un-
divided two-thirds interest in and to the land in controversy.
It is admitted in the pleadings, and upon the record, for the
purposes of the trial, conceded, that Adolph Brauch, one of
the sons and heirs at law of Anna Brauch, deceased, died in-
testate and without issue on or about the 29th day of Novem-
ber, 1889, leaving his surviving wife, the respondent Mary M.
Brauch, and that Jacob Brauch, the father of said Adolph, died
on or about January 1, 1890.    It is provided in subdivision 2 of
Sec. 3401 of the Compiled Laws that, "if the decedent leave no
issue, the estate goes in equal shares to the surviving husband
or wife and to the decedent's father."    Said Adolph Brauch
having, without issue, died seised of an undivided one-seventh
of a two-thirds interest in his mother's estate, one-half of said
interest descended immediately to his father Jacob Brauch;
and counsel for appellants contend that after said after-ac-
quired title inured to the benefit of his grantee, Edward R.
Houlton, and passed to and became the joint property of, ap-
pellants Charles A. and Adelbert P. Johnson, by virtue of their
warranty deed from said Houlton, the grantee of Jacob Brauch.
It is a well settled principle of law that a title subsequently ac-
quired by one who has conveyed land by warranty deed, passes
by operation of law, immediately to his grantee; and neither
the character of Jacob Brauch's tenure, nor the capacity in
which he attempted to convey the interest of his co-tenants, is

sufficient to arrest the operation of the rule. Tied. Real Prop. (Enlarged Ed.), 253, and cases there collected. Under the foregoing rule, the deed from Jacob Brauch to Edward R. Houlton—no equities intervening—in effect conveyed an undivided one-third interest in the premises in dispute, together with an undivided one-half of one-seventh of the remaining two-thirds interest, inherited equally by the seven surviving children of Anna Brauch, deceased, and of which Adolph Brauch, at the death of his mother, became the absolute owner of an undivided one-seventh interest, which at his death descended in equal shares to his surviving wife and father. 4 Kent Comm. 98; 1 Jones Real Prop. 990; Pillsbury v. Alexander, 40 Neb. 242, 58 N. W. 859; Flaniken v. Neil, 67 Tex. 629, 4 S. W. 212; Knight v. Thàyer, 125 Mass. 25; Prewitt v. Ashford, 90 Ala. 294, 7 South. 831; Nicodemus v. Young, 90 Iowa 424, 57 N. W. 906. While counsel for respondents do not seriously question the accuracy of the rule here applied, they insist that the death of Jacob Brauch occurred prior to that of his son, Adolph, and that the judgment and decree awarding to the Johnsons, as grantees of Houlton, an undivided one-third interest in the property which Jacob Brauch attempted to convey by warranty deed, cannot, for that reason, be disturbed. In the absence of any evidence, a finding of fact, or a reasonable inference to the contrary, the admission that the son died on or about the 29th day of November, 1889, and the father on or about January 1, 1890, has been, for the purposes of this appeal, been accepted as a verity.

Governed by the views herein expressed, the case is remanded to the court below with the direction that its decree be re-entered in conformity herewith; and, as thus modified the judgment appealed from is affirmed. Each party to pay one-half of the costs taxable in this court.

HANEY, J., taking no part in the decision.