SHANNON et ux. v. CHILDERS. (No. 835.)

(Court of Civil Appeals of Texas. El Paso. April 4, 1918. On Rehearing, April 18, 1918. Second Petition for Rehearing Denied May 2, 1918.)

1. COVENANTS ⬅71—RUNNING WITH LAND—WARRANTY.

Covenant of warranty is in futuro, and runs with the estate into the hands of whoever becomes the owner of the estate, ceasing to do so only when broken by eviction; mere existence in another of a superior title, which has never been enforced, not amounting to a breach.

2. COVENANTS ⬅102(2) — WARRANTY—BREACH—CONSTRUCTIVE EVICTION.

Where a survey of land made and sold by the state wholly conflicted with other prior surveys, action of the state in forfeiting it amounted to a constructive eviction, breaching a covenant of warranty in a deed thereof.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Constructive Eviction.]

3. COVENANTS ⬅100(1) — WARRANTY—FAILURE OF TITLE.

Complete failure of title does not amount to mere shortage in acreage, for which action ·for breach of covenant will not lie.

4. HUSBAND AND WIFE· ⬅229(3)—COVENANT OF WIFE—ACTION—PETITION.

The petition for breach of a covenant of warranty showing a defendant was married when the deed· was executed, and alleging no facts which under any possible theory would render the disability of coverture inoperative, fails to state a cause of action against her, and will not support a judgment against her.

5. HUSBAND AND WIFE ⬅230—COVERTURE AS DEFENSE—NECESSITY OF PLEADING.

Defense of coverture need not be pleaded where the petition discloses the disability.

On Rehearing.

6. APPEAL AND ERROR ⬅1173(1)—DISMISSAL AS TO ONE AND AFFIRMANCE AS TO ANOTHER.

Appellee,· on appeal by defendants, may dismiss as to one against whom the petition states no cause of action, and have an affirmance as to the other.

Appeal from District Court, Presidio County; Jos. Jones, Judge.

Action by Mrs. Annie Childers against James D. Shannon and wife. From an adverse judgment, defendants appeal. Suit dismissed as to wife, and judgment affirmed as to husband.

W. C. Jourdan, of Marfa, and Jos. M. Nealon, of El Paso, for appellants. C. E. Mead and H. O. Metcalfe, both of Marfa, for appellee.

Statement of Case.

HIGGINS, J. On January 20, 1916, appellants, James D. Shannon, and his wife, Johnnie Shannon, by general warranty deed conveyed to W. P. Fischer several tracts of land, among them being survey No. 1467, containing 382.9 acres. The land was conveyed for a consideration of $3.20 per acre cash. The deed recites that 3,409½ acres was conveyed. If survey No. 1467 be omitted, there will be a shortage of 382.9 acres. On January 21, 1916, Fischer, by general warranty deed, conveyed to appellee, Mrs. Childers, several surveys of the same land, including survey 1467, purporting to contain 382.9 acres. The land was conveyed for a consideration of $3.20 per acre cash.

When Shannon and wife conveyed the land to Fischer, it was intended and understood that he would convey the same to Mrs. Childers. On February 21, 1916, and before Mrs. Childers had paid Fischer, a question arose as to the existence of survey 1467; and, as an inducement for her to pay for same, Shan-

non and wife executed a bond to Mrs. Childers in which it was agreed that a survey should be made of 1467 by State Surveyor Dod, or some other capable surveyor to be agreed upon, who should survey the same in the presence of the parties, and, in the event the survey should prove to be of less acreage than 382.9 acres, then the Shannons would pay Mrs. Childers for such shortage at the rate of $3.20 per acre.

Survey 1467 purported to be located between blocks W J G 7 and 9 of the T. C. Railway Company Surveys. These blocks were surveyed and located in 1882. The east line of Block W J G 7 and the west line of 9 are coincident, and one and the same straight line. The two blocks were tied together. Survey 1467 was surveyed and located by another surveyor some time subsequent to 1882. It was surveyed and located upon the theory that there was a vacancy between the two blocks. The surveyor, Dod, went upon the ground and found that the blocks did in fact join. Survey 1467 had been sold by the state as a school survey, and the school fund was interested therein.

After Mrs. Childers bought survey 1467, the Commissioner of the General Land Office authorized a resurvey thereof. The report of the resurvey showed conclusively that survey 1467 was erroneously located on the theory that there was a vacancy between said blocks, that there was no vacancy, and that survey 1467 was in conflict with the other surveys. The commissioner thereupon canceled survey 1467, and authorized the county clerk to enter a statement on his records showing that the survey was canceled because it did not exist. The commissioner caused a warrant to be issued by the state for the amount paid upon the purchase price to the state upon said survey, together with the interest paid, and the same was collected by Mrs. Childers.

This suit was brought by Mrs. Childers against Shannon and his wife, and their sureties upon the bond above mentioned, to recover the amount paid by her for survey 1467. Recovery was sought upon the bond and upon the covenant of warranty contained in the deed to Fischer. Recovery upon the bond was denied upon the ground that the survey by Dod was made without notice to Shannon and wife and in their absence, which was not authorized by the bond. Recovery upon the warranty was allowed against Shannon and wife for the amount paid by Mrs. Childers for the survey, less the refund obtained from the state.

## Opinion.

[1] Appellant contends that upon the plaintiff's pleadings and the facts found by the court it appears the Shannons had no title to survey 1467 at the time they conveyed to Fischer, and consequently the covenant of warranty was broken when made; that it therefore ceased to run with the land, and no right of action upon the covenant passed to Fischer's vendee, Mrs. Childers.

Covenants of seisin and right to convey and against incumbrances are in præsenti, and, if they are ever broken, the breach is simultaneous with the making of the covenant. As a consequence, a cause of action is at once created in favor of the covenantee to recover his damages. In other words, they are not covenants which run with the estate, and the cause of action in favor of the vendee, arising out of breach, does not pass to his vendee. 3 Washburn on Real Property (6th Ed.) § 2374.

The broadest and most effective of the covenants contained in American deeds, and the only one in general use in this state, is that of warranty. This covenant is in futuro, and runs with the estate in respect to which it is made, into the hands of whoever becomes the owner of such estate. Id. §§ 2386 and 2393; Flaniken v. Neal, 67 Tex. 629, 4 S. W. 212. The authorities say that, if once broken by eviction, the covenant of warranty stands upon the same ground as those covenants which are broken as soon as made; that it then ceases to run with the land, and the action for the breach of the covenant can be maintained only by the owner of the land and assignee of the covenant at the time it is broken. Id. §§ 2393–4; Tiedeman on Real Property (2d Ed.) § 860.

This question seems never to have been passed upon by the courts of this state. It has no pertinency in this case, and is not applicable to the facts here presented; for it appears that the cancellation of the sale of section 1467 by the Commissioner of the General Land Office did not occur until subsequent to the conveyance by Fischer to. Mrs. Childers. The mere existence of a superior title in another, which has never been enforced, does not amount to a breach of the covenant of warranty. The tenant must be disturbed; he must be evicted. 3 Washburn, § 2401. Though he need not be evicted by legal process, it is enough that he has yielded possession to the rightful owner, or, the premises being vacant, the rightful owner has taken possession. 3 Washburn, §§ 2389–2401; Westrope v. Chambers, 51 Tex. 178.

[2] In order to constitute a breach of this covenant, there must be something tantamount to an eviction. 3 Washburn, § 2390. The court below made no finding as to an actual disseisin of Mrs. Childers, but held that the action of the state, through its legally constituted authorities, in forfeiting the survey, in legal contemplation, amounted to an eviction. This we think to be correct. It was the final act in the complete failure of any shadow of title to the survey, and was a constructive eviction. 7 R. C. L. 1149.

And since it occurred after the conveyance to Mrs. Childers, the breach of the covenant was finally consummated while she was the owner, and the cause of action arising from the breach then accrued to her.

Upon this view of the case, she was not an assignee subsequent to the breach.

[3] Other assignments assert that the facts simply disclose a shortage of acreage for which a recovery upon the covenant will not lie. A complete failure of title, rather than a shortage of acreage, is shown, for which reason there is no merit in this contention.

[4] The petition upon its face discloses that defendant Johnnie Shannon was the wife of James D. Shannon at the time the deed to Fischer was executed. No facts are alleged which, under any possible theory, would relieve the disability of coverture so as to render her personally liable for a breach of the covenant of warranty. Baird v. Patillo, 24 S. W. 813; Wadkins v. Watson, 86 Tex. 194, 24 S. W. 385, 22 L. R. A. 779. The petition, therefore, fails to state a cause of action against her, and does not support the judgment against her. Speers, Law of Marital Rights (2d Ed.) 458; Wheeler v. Burks, 31 S. W. 434; Trimble v. Miller, 24 Tex. 215; Covington v. Burleson, 28 Tex. 368.

[5] Appellee calls attention to cases holding that it was necessary for Mrs. Childers to plead coverture. These were cases where the disability was not disclosed by the petition.

The remaining assignments have been considered and are regarded as without merit.

Reversed and remanded.

### On Rehearing.

[6] Appellee has filed a motion dismissing as to Mrs. Johnnie Shannon, and asking that the judgment be then affirmed as to James D. Shannon. The motion is granted. Miller v. Sullivan, 89 Tex. 480, 35 S. W. 362; McDonald v. Cabiness, 100 Tex. 615, 102 S. W. 721; Boyd v. Urrutia, 195 S. W. 341.

The order reversing and remanding this cause is set aside; the suit of appellee against Mrs. Johnnie Shannon is dismissed, and the cause affirmed as to James D. Shannon.