Judge Nicholas
delivered the Opinion of the Court.
COMMISSIONERS who had been appointed by the Pulaski count]’' court, to settle the executorial accounts of the appellee, having reported a settlement, as made by them, CundifF, as one of the devisees of Zachary, appeared, and sought permission to resist a confirmation of the report, and to shew from the face of the report, the testator’s will and other evidence which he offered to introduce, that the settlement was incorrect and unjust. The court refused him permission to introduce his testimony, or otherwise to resist the confirmation of the commissioners’ report, and, as the record states, caused an order to be entered, confirming the report without investigating it. The reason assigned for this singular proceeding, is, that CundifF had no right to object to the report, without the union and concurrence of the other heirs and devisees of Zachary.
As these ex parte statements, when confirmed by the county court, become evidence against all persons interested, and are treated as prima jade correct, the plainest dictates of justice require, that any one so immediately and essentially interested as a devisee, should be heard, and permitted to resist their confirmation. That others equally interested do not choose to appear and exercise this right, constitutes no sufficient reason for its being denied to him. If the others could afterwards come in, and demand a reinvestigation, after the report had once been confirmed, there might be some plausibility in requiring that they should all appear at once. But as this could not he done, no reason whatever is perceived why any one of the devisees, or distributees, should not be permitted to protect his interest, by resisting the confirmation, by any legitimate mode of shewing the *372 report to be incorrect, or rather of requiring the executor to prove that it is correct. The whole proceeding by exparle, settlement, is sufficiently obnoxious to censure, on the score both of justice and policy, without rendering it so manifestly unjust and oppressive, as it would be, if this right were denied to any devisee or distribu-tee. The commissioners, whatever they ought tó be, or whatever the law contemplated they should be, are, as it is well known, frequently selected and nominated by the executor himself. Instead, therefore, of shielding their proceedings from proper investigation before ¡hoy are finally acted upon, the county courts should not only permit, but encourage, a mostvrigorous investigation of what they have done, and afford every facility to those interested, to falsify and surcharge the accounts reported. Nothing should he allowed merely because the commissioners have reported it. Nothing should be allowed in favor of the executor, except what he can sustain by satisfactory proof before the court, when required to make it by the opposing party.
We cannot but hope, that the justices who sat in this case, have certified, under their seals, something more than the truth against themselves, when, they say, they ordered the report to be confirmed without any investigation. We cannot believe that they would have confirmed any account, much less one of the magnitude and importance that this was, without even looking into it. There is no portion of the judicial functions of the county courts, of so high and delicate a trust, as that of passing upon these exparte' settlements of executors, administrators and guardians ; none which requires a more strict and enlightened vigilance. It is to the exercise of that vigilance and intelligence, that-the law looks and trusts, for the protection of widows, infants, and all dis-tributees and creditors generally, against false and fraudulent settlements. The commissioners should always be men of probity and intelligencé, selected by the court itself, and not by the executor, and when they make their report, if no one appears to contest it, the court should, by inspection, itself ascertain that every item is *373 sustained by a proper voucher, and that the charges are reasonable and not exorbitant. '
The order confirming the report must be reversed, with costs, and the cause remanded for further proceedings consistent herewith.