## GILCHRIST v. BRANCH BANK AT MONTGOMERY.

1. A memorandum indorsed by the sheriff on a *fi. fa.* in these words, *case arranged in bank as per instructions,* is not equivalent to a return of satisfied, nor sufficient ground to enter satisfaction of the judgment, or to quash a subsequent execution.

Writ of Error to the Circuit Court of Montgomery.

SUPERSEDEAS sued out by Boyd upon a petition asserting that a certain execution issued at the suit of the Bank against Gilchrist and others, was irregular, inasmuch as the judgment had been fully paid and satisfied to the Bank, and that

a former execution issued thereon had been returned by the sheriff of Macon in these words: "Case arranged in Bank as per instructions. W. Fitzpatrick, sheriff." At the return of the supersedeas the plaintiffs moved the court to enter satisfaction of the judgment, and quash the last execution on the ground alledged in the petition. The motions were refused, and judgment given for the costs of the motion.

It does not appear that any evidence was submitted to sustain the motions. It is now assigned as error, that the court erred in refusing these motions.

CHILTON and McLESTER, for the plaintiffs in error, cited Haden v. Walker, 5 Ala. Rep. 56.

ELMORE, contra.

GOLDTHWAITE, J.—1. Wishout debating how far either of these motions could be sustained, without proof to the court, we shall proceed to consider the cause as if the alledged return was properly before us. The decision in Haden v. Walker, 5 Ala. Rep. 56, proceeds upon the ground that the return by the sheriff, of the execution, "settled with the plaintiff's attorney as per order of the same—costs and commissions paid to sheriff," was equivalent to the statutory return of "satisfied." We think no such inference arises out of the indorsement, which it seems was made on the execution in this case. There is no affirmation by the sheriff, that the money has been paid; and what is written seems a mere memorandum of the officer, that he had been relieved from the duty of making the money by reason of instructions from the Bank, that the execution was *arranged*—how, or when arranged there is no indication. We are satisfied it would be going too far to hold this imperfect memorandum a return equivalent to that of satisfaction.

Judgment affirmed.