### H. MASTERSON v. THEODORE KELLER.

Decided October 19, 1905.

**1.—Garnishment—Judgment Marked Satisfied.**

A judgment marked satisfied by an official entry, true at the time and authorized by an execution thereon duly returned satisfied, was not prima facie enforcible and could not support a writ of garnishment under the statute authorizing the issuance of such a writ without bond where plaintiff has judgment. Rev. Stats., arts. 217, 218.

**2.—Same—Subsequent Setting Aside of Satisfaction.**

The writ being unauthorized and invalid when issued, a subsequent setting aside of the satisfaction of the judgment did not render it valid.

Appeal from the County Court of Harris. Tried below before Hon. Blake Dupree.

*Elliott Cage* and *Masterson & Masterson,* for appellant.

*A. R. & W. P. Hamblen,* for appellee.

GILL, CHIEF JUSTICE.—Theodore Keller sued John Murphy in the Justice Court and obtained a judgment therein against him for $246, including interest. Upon that judgment Keller procured an execution, and had it levied by the sheriff upon certain cattle as the property of John Murphy. Pursuant to the levy the cattle were sold, and were bought in by a third party. The purchase money was in an amount sufficient to discharge the execution. It was paid over to Keller, the

execution returned by the sheriff endorsed "satisfied in full," and the judgment on the docket of the justice was endorsed "satisfied." Thereafter John Murphy, as next friend of his two minor sons, sued Keller for the value of the cattle levied on and sold, alleging ownership thereof in the minors. Keller was cast in this suit for a larger sum than he received in satisfaction of his execution, and upon final affirmance of the judgment Keller paid it in full. John Murphy was not a party to that suit in his individual capacity. Thereupon Keller procured a garnishment to be issued upon his judgment against Murphy and served upon the Gulf, Colorado & Santa Fe Railway Company, alleging that the company was indebted to Murphy, and containing the other material allegations prescribed by the statute for the issuance of writs of garnishment upon judgments.

The plaintiff in garnishment did not ask that Murphy be made a party to the proceeding, and did not set out the condition of the judgment as to the endorsement of satisfaction on it and the execution, nor was there any prayer that those endorsements be set aside and the judgment revived. After the issuance and service of the garnishment, and while the judgment stood upon the justice docket with the evidences of full satisfaction and discharge, as above set out, and before any motion or proceeding had been instituted to have the official entries of satisfaction set aside and the judgment reinstated and revived, H. Masterson, for a valuable consideration, took an assignment of the debt due to Murphy by the railway company. It is not made to appear by this record whether Masterson knew, at the date of the assignment, that Keller had at the suit of the minors been compelled to surrender the fruits of his execution sale, but if the garnishment proceeding was valid it bound him in any event, and this is immaterial. John Murphy was made a party, on the prayer of the railway company in its answer, and also intervened as next friend of his minor sons.

Upon this state of facts Masterson intervened, and both he and the railway company made the point that the judgment, as it stood upon the justice docket at the date of the application for and issuance of the writ of garnishment, was insufficient to support the proceeding, and was insufficient to support any further process thereon until, in a direct proceeding brought against Murphy for that purpose, the justice had adjudged that the judgment was not satisfied, and had set aside the return and endorsement to that effect. After the application for and issuance and service of the garnishment (but also after the date of the assignment), Keller made a motion before the justice setting up the facts, and procured an order annulling the entries of satisfaction and reinstating or reviving the judgment, and this fact, and the facts which authorized it, was set up in a replication filed by Keller in the garnishment suit. Upon this state of facts the court sustained the garnishment and rendered judgment against the garnishee and Masterson accordingly. From that judgment Masterson has appealed, and here reiterates the points made in the court below.

We are of opinion the judgment of the trial court was erroneous. Article 217 of the Revised Statutes provides, in substance, that a plaintiff may have his writ of garnishment: 1. Where an original attachment has issued in the same cause in conformity to the statutory re-

quirements governing the right to and issuance of that writ. 2. Where the plaintiff sues for a debt and makes affidavit that such debt is past due and unpaid; that the defendant has not, within plaintiff's knowledge, property, etc., . . . sufficient to satisfy such debt, and that the garnishment applied for is not sued out to injure either the defendant or garnishee. 3. Where the plaintiff has a judgment and makes affidavit that the defendant has not, within his knowledge, property in his possession within this State subject to execution sufficient to satisfy such judgment.

By article 218, Revised Statutes, it is provided that, where the basis for the garnishment is an attachment or judgment, no bond shall be required of the applicant, but where the writ is applied for under the second subdivision of article 217, supra, a bond must be given, and the requisites of the bond are prescribed. It thus appears that, where the writ is applied for under a judgment, the validity of the debt is not required to be established by affidavit. There being a judgment, and the writ being returnable to the court in which the judgment was rendered, the validity of the demand is taken as established. For a like reason the applicant is not required to execute a bond, nor to swear that no injury is intended. Injury could result only in case the debt was not existent. Hence, also, no bond is required where attachment has issued, for the plaintiff has executed a bond in the attachment proceeding.

It thus being true that certain advantages accrue to plaintiff and certain protection is lost to the defendant where the proceeding is upon a judgment, it becomes important that the judgment upon the face of the record should be of such a nature at the date of the application as to furnish the facts and reasons which satisfy the statute. That is to say, it must fill the definition of the word judgment. A judgment actually satisfied is in this sense no longer a judgment, for it is *functus officio*. Neither would a judgment lacking the elements of finality satisfy the definition, for in such case something would remain to be determined. For a like reason a judgment marked "satisfied," by an official entry true at the time, duly authorized, and duly made, and evidenced by an execution duly returned satisfied by an official entry true at the time, legally authorized and duly made, would not satisfy the requirement, because such a judgment is not *prima facie* enforcible. The facts which authorize the setting aside of the entry of satisfaction exist extraneous of the record, and can be made to appear only in a proceeding fitly brought for that purpose, and wherein the judgment defendant must be made a party. This is necessarily true, because, whether the facts justify the setting aside of the satisfaction and the further enforcement of the judgment is, in a case of this sort, a matter in which the defendant may be vitally concerned, and about which there may be sharp and extended litigation.

According to the weight, both of reason and authority, whenever a judgment is satisfied by an execution duly and truthfully returned, showing levy and sale in full of the judgment, no execution or other process can be issued thereon until, by a proceeding duly had for the purpose, the satisfaction is set aside upon a showing of the facts authorizing it. (1 Freeman on Executions, 137, 138.) According to

Mr. Freeman, such a state of facts gives to the plaintiff in judgment the right to have the satisfaction set aside, but he states that it is the uniform practice to do this by motion. He also treats it as a right to be judicially determined in a proceeding brought for the purpose, and mentions the importance of the rights which may rest upon the determination of such a controversy. He says further, after quoting a Kentucky case apparently contra: "But no doubt the better opinion is that, when a judgment appears to be satisfied of record, this satisfaction ought to be vacated before anything further is done under the judgment." He also points out the distinction between those cases in which, for good reason, the levy is not consummated by a sale and cases like the one at bar (Id., p. 139). (Poor v. Deaver, 1 Ired., 391, and Hughes v. Streeter, 76 Am. Dec., 777, cited by Mr. Freeman, are directly in point.)

In Poor's case, supra, it is held by the Supreme Court of North Carolina that whenever, in pursuance of a sale under execution, a judgment is officially marked "satisfied," it requires the exercise of a judicial power to set aside the satisfaction and revive the judgment, and that, until this is done, it will not support further process. In Hughes v. Streeter (76 Am. Dec., 777)—an Illinois case—it was held that, under such a state of facts, the clerk can not issue another execution until the satisfaction is vacated and execution awarded by order of the court. It is there said the clerk's duties are ministerial, but vacating an entry of the satisfaction of a judgment is a judicial act.

In Streeter's case the court discusses Bank v. Markley (1 Dana, 373) —cited by Mr. Freeman as holding the contrary doctrine—and the comment is made that it stands solitary and alone upon the point decided. The court adds: "The exercise alone of judicial power, equal to that which first made the decision, can impart this new life to a judgment which has once been satisfied by an officer or person clothed with authority to make the entry." The rule is recognized by the Ohio courts. (Wilson v. Stillwell, 14 Ohio St., 467.) The rule also obtains in Missouri (Laughlin v. Wilder, 8 Mo., 367) and in Alabama. (See Michael v. Bank, 12 Ala., 496.)

As applied to the question of garnishment another reason for the rule becomes apparent. Take this case. The funds due Murphy are arrested in the hands of his debtor by a garnishment predicated upon a judgment marked in the most solemn way as satisfied and discharged. The truth of these entries are not referred to or questioned in the application for garnishment, and were not then assailed by motion in the main case. Ought Murphy's funds to be thus impounded when the truth of the entries is not questioned and he is not made a party? Does it not amount to an impounding of his funds in an ex parte proceeding, the right to them on the part of plaintiff never having been adjudicated?

In this case the issuance of the writ by the justice was a ministerial act such as falls to the clerk in courts of record. His judicial powers had not been called into exercise by a motion setting up the facts which authorized a change in the aspect of the judgment as it stood upon the record. The judgment as it stood was incapable of enforcement as a judgment without further judicial order entered after due

notice to the defendant. The authorities cited, which arose upon execution for reason given above, apply with peculiar force to writs of garnishment sued out under the third subdivision of article 217 of our statute.

To the complaint of appellees, that the rule we announce would deny them the garnishment until the motion was determined, and thus enable the defendant to assign the fund and escape payment, we make the obvious reply that, under the second subdivision of the same statute  they might, in a suit against Murphy to set aside the satisfaction and revive the judgment, and upon proper allegation, affidavit and bond, have had their garnishment. If the writ was unauthorized and invalid when issued, no subsequent act of plaintiff would render it valid. Hence, the subsequent setting aside of the entry of satisfaction did not give life to the void writ.

For the reasons given the judgment of the trial court, insofar as it affects Masterson, is reversed, and, the facts being undisputed, judgment is here rendered in his favor.

*Reversed and rendered.*