**HOLDEN v. RYAN et al. (No. 11216.)\***

(Court of Civil Appeals of Texas. Fort Worth.
Nov. 15, 1924. Rehearing Denied
Dec. 20, 1924.)

**1. Injunction ☞118(1)—Averment of essential elements must negative every inference under which petitioner would not be entitled to relief.**

In petition for an injunction, averment of material and essential elements must be sufficiently certain to negative every inference of existence of facts under which petitioner would not be entitled to relief.

**2. Execution ☞172(4)—Petition held defective in not alleging that judgment creditor executing release was owner of judgment and had not assigned it to any other person.**

Petition for injunction to restrain issuance of execution on judgment, alleging that judgment had been released by judgment creditor for a valuable consideration, *held* insufficient, as against a general demurrer, for failure to allege that judgment creditor at time of executing release was owner of judgment and had not assigned or conveyed it to any other person.

**3. Execution ☞344—Statements of opinion or reasons in officer's return not conclusive.**

While statements made in an officer's return on an execution, as to levy made thereunder, are generally conclusive on collateral attack, mere statements of opinion or reasons are not.

**4. Execution ☞344—Recitals of return are conclusive only as to matters within duty of officer to make.**

Recitals of return are only conclusive as to those matters within duty of officer to make, until set aside by direct proceeding as between parties to original judgment.

**5. Execution ☞344—Stranger may show by parol a mistake in sheriff's return.**

Stranger may show by parol a mistake in sheriff's return.

**6. Execution ☞344—Writ may be impeached as to matter not material or proper part of it.**

A writ may be impeached as to a matter which is not a material or proper part of it.

**7. Execution ☞344—Assignee of judgment is not bound by return of satisfaction of an execution.**

Assignee of a judgment, if notice of assignment is given, is neither bound not affected by a return of an execution as satisfied by settlement with plaintiff in execution.

**8. Execution ☞344—Sheriff's return held not conclusive in collateral suit to restrain issuance of execution on judgment.**

Sheriff's return on execution reciting settlement between judgment creditor and defendant, and payment of all costs, etc., *held* not conclusive in collateral suit by defendant to restrain issuance of execution on judgment by assignee of judgment where assignment was known to defendant before release was executed and before return of execution was made.

**9. Execution ☞172(3)—Defendant not entitled to sue to enjoin execution against surety.**

Where judgment was rendered against principal defendant and sureties on his supersedeas bond, principal defendant *held* not entitled to sue to enjoin execution against surety's property, without showing that he had any interest therein, or that his liability would be increased by the sale.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit for injunction by C. W. Holden against Mrs. P. V. Ryan and others. From

a judgment denying an injunction, plaintiff appeals. Affirmed.

John L. Poulter and Frank R. Graves, both of Fort Worth, for appellant.

Simpson, Moore, Parker & Rawlings, of Fort Worth, for appellees.

BUCK, J. E. J. Evans recovered a judgment against C. W. Holden in the district court, on October 30, 1919, which, by the Court of Civil Appeals at San Antonio, was affirmed on April 13, 1921. The appellate court judgment provided that Evans recover against defendant C. W. Holden and M. L. Walker and A. V. Colvin, who were sureties on the replevin bond, and their sureties on a supersedeas bond, D. R. Graves and R. McCall. On October 21, 1921, Evans executed to Holden a release of "any and all right and title and interest which I may have in and to a certain judgment in that certain cause, pending in the district court of Tarrant county, Tex., being No. 48968 and entitled E. J. Evans v. C. W. Holden on the docket of said court, and in consideration of the foregoing I hereby acknowledge a full accord of said judgment, and hereby release the said C. W. Holden and the sureties on the supersedeas bond in so far as any right, title or interest therein I may have."

Prior to the execution of this release, on, to wit, January 19, 1920, Evans assigned, for a recited consideration of $1 to his wife, said judgment "with full authority to demand and receive the same to her own use, and upon payment thereof, or any part, to give discharge for the same, and I authorize the said Mrs. E. J. Evans, in her own name, to sue out execution and all other legal process that may be necessary for the enforcement of said judgment." This assignment was filed in the office of the county clerk on October 4, 1921, three days after the execution of the above release from Evans, but there is evidence to support the conclusion of the trial court that at the time Holden secured the release from Evans he was advised of the execution of the assignment by Evans to his wife, who had secured a divorce from Evans and had intermarried with P. V. Ryan.

On August 4, 1924, Mrs. Ryan, joined by her husband, caused to be issued a writ of execution in the case, which execution was levied upon a piece of property in Tarrant county belonging to D. R. Graves, one of the sureties on the supersedeas bond. C. W. Holden, on August 27th, applied for a writ of injunction against Mrs. Ryan and her husband, and the sheriff and district clerk, alleging that the judgment theretofore obtained by Evans against Holden had been released for a valuable consideration. It was further alleged that D. R. Graves was not a party to the suit in the district court, in which Evans secured judgment against Holden, but was merely a surety on the supersedeas bond; that the release theretofore executed and delivered by Evans to Holden had released the sureties on the supersedeas bond as well as Holden and the sureties on the replevin bond.

The defendants answered by a plea in abatement, alleging that Holden did not show in his application that he had any authority or capacity to bring and maintain this suit, and that said Graves had not been made a party plaintiff in said application; and that said Holden did not show or allege any interest in the cause, and did not show or allege any authority given or granted him by the said Graves to bring and maintain this suit. They further pleaded a general demurrer, and that the defendant, Mrs. Ryan, was the assignee of a judgment, in the aggregate amount of $513, against the plaintiff Holden; that the release executed by Evans to Holden had been so executed long after said Evans had parted with any title or interest in and to said judgment, and that said Holden and all other defendants in the original cause, including said Graves and their attorneys of record, had actual notice of said assignment long prior to the time of the execution of said purported release; that said Holden and Graves and the other defendants in the original cause of action, and their attorneys of record, although they knew of said assignment of said judgment by Evans to his then wife, entered into a conspiracy with the said Evans and among themselves, jointly and severally, for the purpose of obtaining from the said Evans said purported release in an attempt to defraud Mrs. Ryan out of said judgment, and that they did pay the said Evans the sum of $50 to execute said purported release, although they knew that at that time said Evans had no interest in said judgment and that it had theretofore been assigned to defendant Mrs. Ryan. The pleadings are rather voluminous in this case, but we have stated, we think, sufficient to show the issues involved. The court denied the injunction, and the plaintiff has appealed.

The appellant's first proposition is that:

"A release being duly executed by E. J. Evans, the judgment plaintiff, and he being at the time the record owner of the judgment, no execution could issue as against other defendants in the judgment until that release was set aside by a direct proceeding brought for that purpose in which all parties with interest are made parties to the suit and have opportunity to be heard."

[1, 2] For the present, pretermitting the discussion of other questions, we doubt that the petition was sufficient as against the general demurrer to require the trial court to grant the injunction. In a petition for an injunction, the averment of material and essential elements must be sufficiently certain to negative every inference of the existence

of facts under which petitioner would not be entitled to relief. Gillis v. Rosenheimer, 64 Tex. 246; Birchfield v. Bourland (Tex. Civ. App.) 187 S. W. 422; Emde v. Johnson, 214 S. W. 575, writ refused. The petition did not allege that at the time Evans executed the release to Holden he was the owner in fact of the judgment, and had not assigned or conveyed said judgment to any other person. Appellant cites such cases as Flaniken v. Neal, 67 Tex. 629, 4 S. W. 212; Masterson v. Keller, 40 Tex. Civ. App. 333, 89 S. W. 803; Jones v. Nix (Tex. Civ. App.) 174 S. W. 685; Hurst v. Knight (Tex. Civ. App.) 164 S. W. 1072, and other cases, to support the contention that appellee's remedy was to bring a direct suit to set aside the release which Holden had obtained from Evans, and until that was done they were not entitled to an execution. The evidence shows that as to one of the writs of execution issued, there were six altogether, on July 21, 1921, the sheriff made the return thereon in which it was recited that he had levied on certain property belonging to D. R. Graves, etc., and "on the first Tuesday in October, A. D. 1921, the case was settled between plaintiff and defendant Holden and this writ returned, and after first satisfying the sheriff's costs accrued under this writ * * * this writ is hereby returned." It is urged that a sheriff's return on an execution a settlement of the case between the plaintiff and defendant, and a payment of all cost, etc., is a part of the record and imports verity and is conclusive as against the parties until set aside by a direct proceeding either in the form of a motion or a direct suit with all parties with interest present with an opportunity to be heard.

[3-5] With reference to the second contention, it may be said that while statements made in an officer's return on an execution as to the levy made thereunder are as a rule conclusive on collateral attack, nevertheless mere statements of opinion or statements of reasons are not conclusive. Thus it has been held that facts stated as a reason for not making a levy are not conclusive, on the theory that the statement of such facts is not an official act or within the duty of the officer. 23 Corpus Juris, p. 806. It is only as to those matters within the duty of the officer to make, that the recitations of the return are held to be conclusive until set aside by direct proceeding as between parties to the original judgment. A different rule prevails in behalf of a stranger to the writ. He may show by parol a mistake in the sheriff's return. Holt v. Hunt, 18 Tex. Civ. App. 363, 44 S. W. 889; King v. Russell, 40 Tex. 124. In Holmes v. Buckner,

67 Tex. 107, 2 S. W. 452, a purchaser of land under execution was permitted to vary the sheriff's return in Gilchrist v. Branch Bank, 11 Ala. 408, it is said:

"A memorandum indorsed by the sheriff on a fi. fa. in these words, 'case arranged in bank as per instructions,' is not equivalent to a return of satisfaction, nor sufficient ground to enter satisfaction of the judgment, or to quash a subsequent execution."

[6-8] A return may be impeached as to a matter which is not a material or proper part of it. 23 Corpus Juris, p. 806. Whatever may be the consequence and effect of a return of satisfaction of an execution as between the sheriff and the plaintiff in the execution, the assignee of the judgment if notice of the assignment is given, is neither bound nor affected thereby. McClane v. Rogers, 42 Tex. 214. In the instant case, the assignment from Evans to his then wife is shown by sufficient evidence to have been known by Holden before the release was executed, and before the return of execution was made. There is sufficient evidence to sustain a finding by the trial court that Holden was guilty of constructive fraud, at least, in attempting to deprive Mrs. Ryan of the value of the judgment assigned to her. As between strangers to the judgment, at least, where fraud or mistake is pleaded, as was done in this case by defendants below, the rule relied on by appellant does not apply. King v. Russell, 40 Tex. 125. Therefore, appellant's contention that the return of the officer in this case should be held conclusive, as proof of the facts therein stated in a collateral proceeding, cannot be sustained.

[9] At least a majority of the court do not believe that Holden, in his petition, showed himself entitled to sue and to enjoin the execution. The levy upon and sale of the property in this case is not shown to have affected directly the plaintiff below. It was not his property that was sought to be subjected to the satisfaction of the judgment, but the property of one of the sureties on the supersedeas bond, who was not a party to the suit. It is not shown that the plaintiff below had any interest in the property, or that his liability would be increased by virtue of the sale of said property. But be that as it may, we all conclude that the petition is defective in failing to negative every inference of the existence of the facts under which petitioner would not be entitled to relief, to wit, in failing to negative the assignment of the judgment by the judgment creditor prior to the execution of the release. This conclusion renders it unnecessary to discuss other alleged errors.

The judgment below is affirmed.